1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
3  DAVID GROSSMAN (SBN 211326)
   dgrossman@loeb.com
4  W. ALLAN EDMISTON (SBN 228246)
   aedmiston@loeb.com
5  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
6  Los Angeles, California 90067-4120
   Telephone: 310-282-2000
7  Facsimile: 310-282-2200

8  Attorneys for Plaintiff
   POM WONDERFUL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV08-06237 SJO (JTLx)<br><br>**NOTICE OF SUBSEQUENT AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO LODGE SUBSEQUENT AUTHORITY**<br><br>Judge: Hon. S. James Otero<br>Date: January 5, 2009<br>Time: 10:00 am<br>Room: 880 |

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1832973.3
202841-10091

NOTICE OF SUBSEQUENT AUTHORITY
IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
Case No. CV08-06237 SJO (JTLx)

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiff Pom Wonderful LLC ("Pom Wonderful"), through its undersigned counsel, hereby provides notice of a recent decision by the United States Court of Appeals for the Ninth Circuit that is material to the issues raised by Pom Wonderful in its opposition to The Coca-Cola Company's ("Defendant's") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"). (Docket No. 11.)

Alternatively, should leave of Court be necessary to lodge this Ninth Circuit decision with the Court, Pom Wonderful respectfully requests that the Court enter an Order granting Pom Wonderful the required leave.

In support hereof, Pom Wonderful represents as follows:

1.  On December 15, 2008, Pom Wonderful LLC filed and served its opposition to the Motion to Dismiss. (Docket No. 11.)

2.  One week later, on December 22, 2008, the Ninth Circuit entered an Order Denying Petition for Rehearing En Banc and Amending Opinion and Amended Opinion (the "Order") in a deceptive labeling case entitled <u>Williams v. Gerber Prods. Co.</u>, Case No. 06-55921 (Dec. 22, 2008). A true and correct copy of the Order is attached hereto as Exhibit "A."

3.  In the Order, the Ninth Circuit declined to consider whether the plaintiffs' state law unfair competition claims, based on allegations of deceptive fruit snack labeling, were preempted by the Federal Food Drug and Cosmetics Act (the "FDCA"). It reasoned: "[W]e decline to decide this issue in the first instance based on arguments made in an answering brief, particularly where nothing in Appellants' complaint suggested that they were attempting to directly enforce violations of the FDCA." (Ex. A., p. 16636.)

LA1832973.3
202841-10091

1

NOTICE OF SUBSEQUENT AUTHORITY
IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
Case No. CV08-06237 SJO (JTLx))

1  4.  Instead, applying the "reasonable consumer" test, the Ninth Circuit considered whether an accurate side-panel ingredient list may insulate a fruit snack manufacturer from liability for otherwise "misleading representations on the front of the box." (Ex. A., p. 16639.) It held:

> The district court suggests that 'no reasonable consumer upon review of the package as a whole would conclude that Snacks contains juice from actual and fruit-like substances displayed on the packaging particularly where the ingredients are specifically identified.' *Williams*, 439 F.Supp.2d at 1116. *We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.* The ingredient list on the side of the box appears to comply with FDA regulations and certainly serves some purpose. *We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception.* Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.

(Ex. A, p. 16639) (emphases added).

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

LA1832973.3
202841-10091

2

NOTICE OF SUBSEQUENT AUTHORITY
IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
Case No. CV08-06237 SJO (JTLx)

1  Based on the foregoing, should leave of Court be necessary to lodge the Order
2  with the Court, Pom Wonderful respectfully requests that the Court grant the
3  required leave.

4  Dated: December 29, 2008          LOEB & LOEB LLP
                                      ANDREW S. CLARE
5                                     MARK D. CAMPBELL
                                      DAVID GROSSMAN
6                                     W. ALLAN EDMISTON

7

8                                     By:/s/ Mark D. Campbell
                                         MARK D. CAMPBELL
9                                        ATTORNEYS FOR PLAINTIFF
                                         POM WONDERFUL LLC
10

LA1832973.3
202841-10091                          3

NOTICE OF SUBSEQUENT AUTHORITY
IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
Case No. CV08-06237 SJO (JTLx)