1 | ANDREW S. CLARE (SBN 050289)
aclare@loeb.com
2 | MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
3 | DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
4 | LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
5 | Los Angeles, California 90067-4120
Telephone:  (310) 282-2000
6 | Facsimile:   (310) 282-2200

7 | DANIEL S. SILVERMAN (SBN 137864)
dsilverman@roll.com
8 | ANDREW E. ASCH (SBN 198857)
aasch@roll.com
9 | JOIE MARIE GALLO (SBN 178064)
jgallo@roll.com
10 | ROLL INTERNATIONAL CORP.
LEGAL DEPT.
11 | 11444 West Olympic Blvd., 10th Floor
Los Angeles, California 90064-1557
12 | Telephone:  310-966-5700
Facsimile:   310-966-5758
13 |

14 | Attorneys for Plaintiff
POM WONDERFUL LLC

15 | UNITED STATES DISTRICT COURT

16 | CENTRAL DISTRICT OF CALIFORNIA

17 | POM WONDERFUL LLC, a Delaware ) | Case No.  CV-08-06237 SJO (JTLx)
limited liability company, )
18 | ) | **PLAINTIFF POM WONDERFUL**
) | **LLC'S NOTICE OF MOTION AND**
19 |           Plaintiff, ) | **MOTION FOR LEAVE TO FILE**
) | **[PROPOSED] FIRST AMENDED**
20 |        v. ) | **COMPLAINT; DECLARATION OF**
) | **DANIEL S. SILVERMAN**
21 | THE COCA COLA COMPANY, a )
Delaware corporation; and DOES 1-10, )
22 | inclusive, ) | Hon. S. James Otero
)
23 |           Defendants. ) | Hearing:
) |     Date:     July 13, 2009
24 | ) |     Time:     10:00 a.m.
) |     Place:    Courtroom 880
25 | —————————————————— ) |                255 East Temple Street

26 | | Discovery cutoff:   Dec. 9, 2009
27 | | Pretrial conference: March 1, 2010
| Trial date:              March 9, 2010
28 |

{031066.2}

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |      PLEASE TAKE NOTICE that on July 13, at 10:00 a.m. or as soon thereafter
3 | as this matter may be heard, in Courtroom 880 of the United States District Court
4 | for the Central District of California, 255 East Temple Street, Los Angeles,
5 | California, before the Honorable S. James Otero, United States District Judge,
6 | Plaintiff POM WONDERFUL LLC ("Pom Wonderful" or "Plaintiff") will move
7 | and hereby does move for an order granting Plaintiff leave to file its [Proposed] First
8 | Amended Complaint ("Proposed FAC") for false advertising against Defendant The
9 | Coca Cola Company ("Coca Cola").

10 |      This motion is based on the grounds that the Proposed FAC merely adds an
11 | express allegation that Pom Wonderful's claim for statutory unfair competition
12 | pursuant to Cal. Bus. & Prof. Code § 17200 is predicated in part upon Coca Cola's
13 | violation of California's Sherman Food, Drug, and Cosmetic Law, Health & Safe.
14 | Code § 109875 *et seq.* (the Sherman Law).  The Proposed FAC adds no new causes
15 | of action, and makes relatively few changes to the original Complaint.  Coca Cola
16 | filed its Answer to the original Complaint on March 2, 2009, and the action is still in
17 | an early stage.  In fact, discovery has just begun, with the parties just recently
18 | responding to first sets of written discovery.  Trial is almost a year away, the
19 | discovery cut-off is in December, and there is no prejudice that the amendment
20 | would impose.  As such, leave to amend, which is traditionally liberally granted,
21 | should be granted here.

22 |      This motion is supported by this notice of motion and motion, the attached
23 | memorandum of points and authorities, the [Proposed] First Amended Complaint
24 | lodged herewith, the attached Declaration of Daniel S. Silverman, such additional
25 | evidence and argument as may be presented at the hearing on this motion, all of the
26 | pleadings, files and records in this proceeding, and such other evidence as may later
27 | be submitted.  The motion is made following the conference of counsel pursuant to
28 |

2

1  L.R. 7-3, which took place on June 17, 2009.  <u>See</u> Declaration of Daniel S.

2  Silverman, ¶¶ 2-3.

3

4  Dated:  June 22, 2009                ROLL INTERNATIONAL CORPORATION
                                        LEGAL DEPARTMENT

5

6                                       By:
                                           Daniel S. Silverman

7                                          Attorneys for Plaintiff
                                           POM WONDERFUL LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{031066.2}                        3      PLAINTIFF'S MOTION FOR LEAVE TO FILE
                                         [PROPOSED] FIRST AMENDED COMPLAINT;
                                         DECLARATION OF DANIEL S. SILVERMAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.

## INTRODUCTION

Plaintiff POM WONDERFUL LLC ("Pom Wonderful" or "Plaintiff") respectfully requests that the Court grant Pom Wonderful leave to file its [Proposed] First Amended Complaint (the "Proposed FAC"), which is lodged herewith pursuant to L.R. 15-1. The Proposed FAC adds allegations specifying that Pom Wonderful's claim for statutory unfair competition pursuant to Cal. Bus. & Prof. Code § 17200 is predicated, in part, upon Defendant The Coca Cola Company's ("Coca Cola") violation of California's Sherman Food, Drug, and Cosmetic Law, Health & Safe. Code § 109875 *et seq.* (the Sherman Law). See Proposed FAC, ¶ 46; see also Exhibit A to the attached Declaration of Daniel S. Silverman (copy of Proposed FAC which shows its changes from original Complaint in redline). The Proposed FAC adds no new cause of action, and makes few changes to the original Complaint. Id. Pom Wonderful's Proposed FAC is timely, and does not prejudice Coca Cola. It should, therefore, be permitted pursuant to the liberal policy for amending pleadings.

## II.

## STATEMENT OF FACTS

Pom Wonderful filed its original Complaint in this action on September 22, 2008. Coca Cola filed its Answer on March 2, 2009, following the Court's ruling on its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

On June 17, 2009, Daniel Silverman, counsel for Pom Wonderful, met and conferred with Martin Bern, counsel for Coca Cola, regarding this motion. See Silverman Declaration, ¶ 4. Prior to the meet and confer, Pom Wonderful provided a copy of the Proposed FAC to Coca Cola's counsel for review. Id., ¶ 3. During the meet and confer, however, Coca Cola's counsel stated that it would not stipulate to the filing of the Proposed FAC, and instead would review this motion before deciding whether to oppose it. Id., ¶ 4.

1

**III.**

**ARGUMENT**

A.      **Leave Should Be Granted To Amend the Complaint.**

        1.      **Leave To Amend Is Freely Granted.**

        Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."  The Ninth Circuit has repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality."  <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987); <u>see</u> <u>also</u> <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); <u>Cooper Development Co. v. Employers Insurance of Wausau</u>, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); Moore, 3-15 Moore's Federal Practice - Civil § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).").  Where leave is sought early in the case, as here, courts routinely grant the proposed amendment of a complaint.  <u>See</u>, <u>e.g.</u>, <u>McDonald v. Bond Collectors, L.L.C.</u>, 233 F.R.D. 576, 577 (S.D. Cal. 2005) (motion for leave granted where "[t]he case is in the very early pretrial proceedings.").[1]

        2.      **Amendment Should Be Permitted Here.**

        Pom Wonderful's Proposed FAC is timely.  This litigation remains in an early stage.  Coca Cola filed its answer to the original complaint on March 2, 2009.  Trial is set for March 9, 2010.  The Court's March 16, 2009 Scheduling Order did not set a cut-off date for filing motions to amend the pleadings.  Accordingly, the Proposed FAC will not create undue delay.

        The Proposed FAC does not add any new causes of action, and granting leave to amend would not prejudice Coca Cola, as written discovery has just begun, there

---

[1]      Factors weighing against granting leave include bad faith, unfair prejudice to defendant, and prior amendments – none of which apply here.  <u>Id.</u>

1  has been no document production yet, and no depositions have been taken.  Further,

2  the discovery cutoff is six months away.

3       The primary substantive difference between the current Complaint and the

4  Proposed FAC is that the Proposed FAC expressly alleges, as a predicate act for

5  Pom Wonderful's Section 17200 unfair competition claim, that Coca Cola has

6  violated the Sherman Law, specifically Health & Safe. Code § 110660.[2]  See

7  Proposed FAC, ¶ 46. Section 110660 of the Sherman Law imposes obligations

8  identical to 21 U.S.C. § 343(a) of the Federal Food, Drug and Cosmetic Act

9  ("FFDCA"), providing that "[a]ny food is misbranded if its labeling is false or

10 misleading in any particular."[3]  These new allegations do not alter the basic nature

11 of this lawsuit, because Pom Wonderful currently asserts a Section 17200 claim

12 against Coca Cola for false and misleading advertising, pursuant to its original

13 Complaint.  See Complaint, ¶¶ 42-48.  The Proposed FAC is simply more explicit

14 about why Coca Cola's alleged conduct is unlawful under Section 17200,

15 identifying its violation of a particular misbranding statute in the Sherman Law,

16 Health & Safety Code § 110660.

17      In addition to the Sherman Law allegation, the Proposed FAC makes limited

18 changes to the original Complaint's factual allegations.  See Silverman Declaration,

19 Exhibit A, at ¶¶ 16, 20, 24, 25 (Proposed FAC with tracked changes).  Those

20

21

---

22 [2]    The Section 17200 claim pled by Pom Wonderful's original Complaint also

23 encompasses Coca Cola's Sherman Law violation, but the [Proposed] FAC alleges
   that violation explicitly.

24

25 [3]    Because it imposes obligations identical to those imposed by 21 U.S.C. §
   343(a), Section 110660 of the Sherman Law is not subject to the FFDCA's

26 preemption provision, 21 U.S.C. § 343-1.  See In re Farm Raised Salmon Cases, 42

27 Cal. 4th 1077, 1094-95 (2008) (FFDCA does not preempt Section 17200 claim
   where predicate unlawful act consisted of Sherman Law violation; Sherman Law

28 imposed legal obligations identical to FFDCA and its implementing regulations).

{031066.2}

1 | changes clarify and expand the original Complaint's factual allegations, rather than
2 | significantly changing the nature of the lawsuit. Id.
3 |     In sum, Pom Wonderful's Proposed FAC is submitted timely, contains the
4 | same causes of action as the original Complaint, and does not prejudice Coca Cola.
5 | Thus, Pom Wonderful's motion for leave should be granted.

6 | **IV.**

7 | **CONCLUSION**

8 |     For the reasons discussed above, Pom Wonderful respectfully seeks leave of
9 | this Court to file its Proposed FAC.

Dated:  June 22, 2009

ROLL INTERNATIONAL CORPORATION
LEGAL DEPARTMENT

By: _____
    Daniel S. Silverman
    Attorneys for Plaintiff
    POM WONDERFUL LLC

{031066.2}

PLAINTIFF'S MOTION FOR LEAVE TO FILE
[PROPOSED] FIRST AMENDED COMPLAINT;
DECLARATION OF DANIEL S. SILVERMAN

1
2
3

**Declaration of Daniel S. Silverman**

I, Daniel S. Silverman, declare as follows:

4   1.      I am an attorney in the litigation department of Roll International
5  Corporation, counsel to Plaintiff Pom Wonderful LLC ("Plaintiff" or "Pom
6  Wonderful") in the above-captioned matter.  I am a member of the State Bar of
7  California and admitted to practice law before the United States District Court for
8  the Central District of California.  I have personal knowledge of the matters set forth
9  herein, and would competently testify thereto under oath if called as a witness.  I
10 submit this declaration in support of Plaintiff's Motion for Leave to File [Proposed]
11 First Amended Complaint.

12   2.      On June 5, 2009, I e-mailed Mr. Martin Bern, counsel for Defendant
13 the Coca Cola Company ("Coca Cola"), and asked him whether Coca Cola would
14 agree to stipulate to Pom Wonderful's filing of its [Proposed] First Amended
15 Complaint ("Proposed FAC"), rather than requiring the filing of a motion for leave
16 to amend.  In an e-mail response, Mr. Bern asked for a copy of the Proposed FAC
17 which showed its changes from the original Complaint in redline.

18   3.      On June 15, 2009, during an in-person meet and confer regarding the
19 parties' various discovery issues which was held at my offices, I handed Mr. Bern a
20 copy of the Proposed FAC, showing its changes in redline, pursuant to his request.

21   4.      On June 17, 2009, I telephonically met and conferred with Mr. Bern
22 regarding Pom Wonderful's request that Coca Cola stipulate to the filing of the
23 Proposed FAC.  During the meet and confer, Mr. Bern stated that Coca Cola would
24 not stipulate to the filing of the Proposed FAC, and instead would review Pom
25 Wonderful's motion for leave to amend before deciding whether to oppose it.

26
27
28

{031066.2}

8

PLAINTIFF'S MOTION FOR LEAVE TO FILE
[PROPOSED] FIRST AMENDED COMPLAINT;
DECLARATION OF DANIEL S. SILVERMAN

1        5.     Attached to this declaration as <u>Exhibit A</u> is a true and correct copy of

2 the [Proposed] FAC which tracks in redline its changes from the Plaintiff's original

3 Complaint in this action.

4

5        I declare under penalty of perjury under the laws of the United States of

6 America that the foregoing is true and correct.  Executed this 22nd day of June,

7 2009 in Los Angeles, California.

8

9

10                              Daniel S. Silverman

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR LEAVE TO FILE
[PROPOSED] FIRST AMENDED COMPLAINT;
DECLARATION OF DANIEL S. SILVERMAN

EXHIBIT "A"

ANDREW S. CLARE (SBN 050289)
aclare@loeb.com
MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone:   (310) 282-2000
Facsimile:    (310) 282-2200

DANIEL S. SILVERMAN (SBN 137864)
dsilverman@roll.com
JOIE MARIE GALLO (SBN 178064)
jgallo@roll.com
ROLL INTERNATIONAL CORPORATION – LEGAL DEPT.
11444 West Olympic Boulevard, 10th Floor
Los Angeles, California 90064-1557
Telephone:   310-966-5700
Facsimile:    310-966-5758

Attorneys for Plaintiff
POM WONDERFUL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company, | Case No.  CV-08-06237 SJO (JTLx) |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR FALSE ADVERTISING UNDER LANHAM ACT § 43(A); FALSE ADVERTISING UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.; UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.** |
| v. |  |
| THE COCA COLA COMPANY, a Delaware corporation; and DOES 1-10, inclusive, |  |
| Defendants. | **DEMAND FOR JURY TRIAL** |

:030806.4:

1 | Plaintiff POM WONDERFUL LLC ("Pom Wonderful" or "Plaintiff") hereby

2 | alleges as follows:

3 | **PARTIES**

4 |     1.    Plaintiff Pom Wonderful is a Delaware limited liability company with

5 | its principal place of business in Los Angeles, California.

6 |     2.    On information and belief, defendant The Coca Cola Company ("Coca

7 | Cola") is a Delaware corporation with its principal place of business in Atlanta,

8 | Georgia.

9 |     3.    Plaintiff is not aware of the true names and capacities of the defendants

10 | identified herein as Does 1 through 10, inclusive, and therefore fictitiously names

11 | said defendants. Plaintiff will amend this Complaint to allege the true names and

12 | capacities of these fictitiously named defendants when their identities are

13 | ascertained.

14 |     4.    Plaintiff is informed and believes, and thereon alleges, that Coca Cola

15 | and each of the fictitiously named Doe defendants (collectively "Defendants") were

16 | in some manner responsible for the acts alleged herein and the harm, losses and

17 | damages suffered by Plaintiff as alleged hereinafter. Plaintiff is also informed and

18 | believes that, while participating in such acts, each Defendant was the agent, alter

19 | ego, conspirator, and aidor and abettor of the other Defendants and was acting in the

20 | course and scope of such agency and/or acted with the permission, consent,

21 | authorization or ratification of the other Defendants.

22 |     5.    As described further below, Coca Cola conducts business and

23 | manufactures and/or distributes products in the greater Los Angeles area, and

24 | throughout the United States.

25 | **JURISDICTION AND VENUE**

26 |     6.    This action arises under 15 U.S.C. § 1125(a) and the statutory law of

27 | the State of California. This Court has subject matter jurisdiction over this action

28 |

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

103080(s).4

Formatted: Normal, Right: 0"

1  pursuant to 28 U.S.C. §1331 (federal question), 15 U.S.C. § 1121 (Lanham Act

2  claims) and 28 U.S.C. §1367 (supplemental jurisdiction).

3      7.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and

4  1400 because a substantial part of the events or omissions giving rise to the claims

5  occurred in this District.

6              **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

7      8.   This action seeks redress for Coca Cola's deliberate and unlawful false

Formatted: Normal, Centered, Right: 0"

8  and misleading representations regarding its Minute Maid Enhanced Pomegranate

9  Blueberry product ("Pomegranate Blueberry Product"), which has been packaged,

10  marketed and sold by Coca Cola based on the representation that the primary

11  ingredients in the product are pomegranate and blueberry juice, when, in fact, the

12  primary ingredients are actually apple and grape juice.

13     9.   This action also seeks redress for the unfair, unlawful and fraudulent

14  business practices of all Defendants, each of whom have participated in making the

15  false advertising claims relating to Coca Cola's Pomegranate Blueberry Product in

16  California and nationwide.

17  **I.   POM WONDERFUL**

18     10.  Plaintiff is the largest grower and distributor of pomegranates and

19  pomegranate juice in the United States.

20     11.  Plaintiff produces, markets and sells POM WONDERFUL® brand

21  bottled pomegranate juice, and various pomegranate juice blends including a

22  pomegranate blueberry blend. Pom Wonderful has been bottling, selling and

23  marketing its juice products since 2002.

24     12.  When Pom Wonderful began the development and distribution of POM

25  WONDERFUL® juice, it invested millions of dollars in researching the nutritional

26  qualities and health benefits of pomegranate juice, an investment that continues to

27  this day. Pom Wonderful has consulted with world-renowned scientists, including a

28  Nobel laureate, and underwrites major research studies, many of which are

Deleted: {030806.1}LA1784347.3¶
202841-10091

3                                    FIRST AMENDED COMPLAINT
                                     FOR FALSE ADVERTISING

{030806.4}

published in well-known and prestigious peer-reviewed scientific and medical

journals.

       13.    Scientists have discovered that pomegranate juice has very high levels

of unique polyphenols, antioxidants that are particularly effective at neutralizing

free radicals, preventing oxidation of LDL cholesterol (the "bad" cholesterol) and

plaque build-up in the blood vessels, and preserving nitric oxide, a key chemical in

the body for regulating blood flow and maintaining vessel health.

       14.    A key element of Pom Wonderful's marketing campaign has been its

concentration on the health benefits associated with pomegranates and pomegranate

juice, and its emphasis on the high level of antioxidants contained in POM

WONDERFUL® brand juice.

       15.    Through its investment of millions of dollars to research and promote

the nutritional qualities and health benefits associated with pomegranate juice,

Plaintiff largely created the burgeoning market for genuine pomegranate juice that

exists today.  POM Wonderful's pomegranate juice has, in only six short years,

eclipsed all other products in its market segment of super premium juices to take the

#1 spot nationwide in supermarket sales, as well as the #1 spots in the key

geographic regions of Los Angeles, Chicago, New York, among many others.  POM

Wonderful's annual supermarket sales have, incredibly, gone from zero to well over

$70 million in that same period.

       16.    Due to POM's marketing efforts and funding of research, and

substantial research not funded by POM, many consumers now associate

pomegranate juice with certain nutritional qualities and health benefits.

Unscrupulous competitors have set out to cash in on Plaintiff's success by marketing

and selling to consumers products labeled as "pomegranate juice," that in fact

contain little or no actual pomegranate juice.  Coca Cola is one such competitor.

## II.    COCA COLA AND ITS FALSE ADVERTISING OF ITS
##         POMEGRANATE BLUEBERRY PRODUCT

4

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

{030806.1}

Formatted: Normal, Right: 0"

Formatted: Normal, Centered, Right: 0"

Deleted: has been both good and bad for consumers.  On the one hand, consumers have been made aware of the nutritional qualities and health benefits of 100 percent pomegranate juice.  On the other hand, unscrupulous competitors have set out to cash in on Plaintiff's success

Deleted: ¶

Deleted: {030806.1}LA1784347.3¶
202841-10091

Formatted: Normal, Right: 0"

1    17.    Coca Cola markets and sells various bottled juice products under such

2  brands as, among others, Odwalla and Minute Maid, and is currently one of

3  Plaintiff's primary competitors in the bottled pomegranate juice market.  Coca Cola

4  is based in Atlanta, Georgia and, Plaintiff is informed and believes, markets,

5  distributes and sells its products, including its Pomegranate Blueberry Product, in

6  Los Angeles County and throughout the United States.

7    18.    In September 2007, Coca Cola announced the addition of a new

Formatted: Normal, Centered, Right: 0"

8  "Minute Maid® Pomegranate Blueberry" product to its line of "Minute Maid

9  Enhanced Juices" targeting "the health-conscious shopper."



19    19.    Like the pomegranate, in recent years the blueberry has become a

20  staple for health conscious consumers because of its high antioxidant capacity.

21  Thus, Coca Cola's Pomegranate Blueberry Product purports to combine two of

22  nature's most powerful antioxidants into a single "Enhanced Juice" product.  In fact,

23  the main ingredients in Coca Cola's Pomegranate Blueberry Product are neither

24  pomegranate nor blueberry juice, but rather, apple and grape juice.

25    20.    Notwithstanding that Coca Cola's product actually contains little

Formatted: Bullets and Numbering

26  pomegranate or blueberry juice, Coca Cola decided to create a label with many

27  misleading elements not required by federal or state regulation.  For example,

28  instead of calling its product "Apple Grape" juice, which are the two primary juices

Deleted: {030806.1}LA1784347.3¶
202841-10091

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

{030806.1}

1  in its product, Coca Cola made a marketing decision to give this product the brand
2  name of "Pomegranate Blueberry" juice on the front label, and to juxtapose this
3  brand name with a picture of a pomegranate and other fruits, among other
4  misleading elements.  Attached as "Exhibit A" are true and correct copies of
5  photographs of Coca Cola's Pomegranate Blueberry Product.

6       21.    In addition to the claims on the product itself, Coca Cola also maintains
7  a website at <minutemaid.com> that prominently advertises and markets Coca
8  Cola's product as "Minute Maid Enhanced Pomegranate Blueberry" juice.  Attached
9  as "Exhibit B" is a true and correct copy of Coca Cola's website advertising its
10 Pomegranate Blueberry Product.

11      22.    Coca Cola has also advertised its Pomegranate Blueberry Product in
12 commercial spots aired during highly rated television shows such as American Idol.
13 Plaintiff is informed and believes that Coca Cola has engaged in other forms of
14 marketing and advertising of its Pomegranate Blueberry Product targeting
15 consumers throughout the United States.

16      23.    Purchasers of Coca Cola's product are likely to be misled and deceived
17 by Coca Cola's product labeling, marketing and advertising.  By name alone, one
18 would expect that the primary ingredients in Coca Cola's Pomegranate Blueberry
19 Product are pomegranate and blueberry juice.  However, pomegranate juice ranks
20 third, by volume, behind apple and grape juice in Coca Cola's Pomegranate
21 Blueberry Product.  Blueberry juice is found in even smaller amounts, ranking fifth
22 among the ingredients found in Coca Cola's product.

23      24.    Coca Cola's false and misleading advertising of its Pomegranate
24 Blueberry Product is damaging to the reputation and goodwill of Plaintiff and is
25 damaging to the consuming public.  These false and misleading representations are
26 designed to entice consumers to purchase Coca Cola's product over Plaintiff's
27 products.  Specifically, Coca Cola's false and misleading representations regarding
28 the primary ingredients of its product deceive consumers, causing them to believe

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

{030806.4}

---

Formatted: Normal, Right: 0"

Deleted: labels its product as "Pomegranate Blueberry" juice.

Formatted: Normal, Centered, Right: 0"

Deleted: ¶

Formatted: Bullets and Numbering

Deleted: imply

Deleted: {030806.1}LA1784347.3¶
202841-10091

1 | that its product, like Plaintiff's product, primarily contains pomegranate and
2 | blueberry juice. The truth is that Coca Cola's product primarily contains apple juice
3 | and grape juice, which are much less expensive juices than pomegranate juice and
4 | blueberry juice.
5 |     25.    Because the cost to produce Coca Cola's product is far less than the
6 | cost to produce actual pomegranate blueberry juice (*i.e.*, a juice product whose
7 | primary ingredients are actually pomegranate and blueberry juice), Coca Cola can
8 | charge less for its product than competitors, including Plaintiff, while reaping a
9 | substantial profit.  In this way, Coca Cola entices consumers who would otherwise
10 | buy Plaintiff's product to buy its product instead.  In doing so, Coca Cola
11 | wrongfully misleads and deceives consumers, and tricks them into believing that
12 | they are getting a similar product (*i.e.*, all natural pomegranate blueberry juice with
13 | all of its associated health benefits) for a lower price, when in fact they are getting a
14 | very different product primarily containing apple juice and grape juice.
15 |     26.    The natural, probable and foreseeable result of Coca Cola's wrongful
16 | conduct has been to cause confusion, deception and mistake in the pomegranate
17 | blueberry juice market as a whole, to deprive Plaintiff of business and goodwill, and
18 | to injure Plaintiff's relationships with existing and prospective customers.
19 |     27.    Plaintiff is informed and believes that Coca Cola's wrongful conduct
20 | has resulted in increased sales of Coca Cola's own Pomegranate Blueberry Product
21 | while hindering the sales of Plaintiff's pomegranate juice products and damaging
22 | Plaintiff's goodwill.  Plaintiff has sustained and will sustain damages as a result of
23 | Coca Cola's wrongful conduct.
24 |                    **FIRST CLAIM FOR RELIEF**
25 |          (False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a)
26 |                       Against All Defendants)
27 |     28.    Plaintiff incorporates by reference Paragraphs 1 through 27 above as
28 | though fully set forth herein.

7

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

Formatted: Normal, Right: 0"

29.    Upon information and belief Defendants have made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding their products.  These advertisements contain actual misstatements and/or misleading statements and failures to disclose, including, among others, the statement that Defendants' product consists primarily of pomegranate and blueberry juice.

Formatted: Normal, Centered, Right: 0"

30.    Upon information and belief, these false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers.  This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's customers.

31.    Defendants' false and misleading advertising statements and omissions injure both consumers and Plaintiff.

32.    Defendants' false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. §1125(a).

33.    Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law.  As such, Plaintiff is entitled to an injunction under 15 U.S.C. §1116 restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

34.    Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of Lanham Act § 43(a).  Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

35.    Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result

Deleted: {030806.1}LA1784347.3¶ 202841-10091

8

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

1 | of their acts.  Plaintiff is at present unable to ascertain the full amount of the gains,

2 | profits and advantages Defendants have obtained by reason of their acts.

3 |     36.   Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the

4 | costs of this action.  Moreover, Plaintiff is informed and believes, and on that basis

5 | alleges, that Defendants' conduct was undertaken willfully and with the intention of

6 | causing confusion, mistake or deception, making this an exceptional case entitling

7 | Plaintiff to recover additional damages and reasonable attorneys' fees.

8 | **SECOND CLAIM FOR RELIEF**

9 | (False Advertising Under Cal. Bus. & Prof. Code § 17500

10 | Against All Defendants)

11 |     37.   Plaintiff incorporates by reference Paragraphs 1 through 36 above as

12 | though fully set forth herein.

13 |     38.   Defendants knew or in the exercise of reasonable care should have

14 | known that their publicly disseminated statements and omissions relating to their

15 | Pomegranate Blueberry Product were false or misleading.  Defendants' false

16 | advertising statements and omissions injure consumers and Plaintiff.  Defendants'

17 | false and misleading statements include, among others, that Defendants' product

18 | consists primarily of pomegranate and blueberry juice.

19 |     39.   By making such untrue or misleading statements, Defendants have

20 | engaged in false advertising in violation of the statutory law of the state of

21 | California, Cal. Bus. & Prof. Code §17500, *et seq.*

22 |     40.   By reason of Defendants' conduct, Plaintiff has suffered injury in fact

23 | and has lost money or property.

24 |     41.   Defendants have caused, and will continue to cause, immediate and

25 | irreparable injury to Plaintiff, including injury to its business, reputation, and

26 | goodwill, for which there is no adequate remedy at law.  Plaintiff is entitled to an

27 | injunction restraining Defendants, their agents, employees, representatives and all

28 | persons acting in concert with them from engaging in further such acts, and

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

{030806;4}

1  forbidding Defendants from advertising their Pomegranate Blueberry Product as

2  primarily containing pomegranate and blueberry juice, and from making other false

3  statements in connection with the product.

4       42.    Plaintiff is further entitled to a restitutionary recovery from Defendants.

5                            **THIRD CLAIM FOR RELIEF**

6       (Statutory Unfair Competition – Cal. Bus. & Prof. Code §17200, *et seq.*

7                            Against All Defendants)

8       43.    Plaintiff incorporates by reference Paragraphs 1 through 42 above as

9  though fully set forth herein.

10      44.    Defendants have made, published, disseminated, and circulated false,

11 deceptive, and misleading statements, representations, and advertisements in

12 California misrepresenting the nature, quality, and characteristics of their

13 Pomegranate Blueberry Product with the intent of selling, distributing, and

14 increasing the consumption of, and interest in, their Pomegranate Blueberry Product.

15      45.    Defendants' conduct as alleged herein constitutes unfair competition in

16 that such acts were and are unlawful, unfair, deceptive and/or fraudulent business

17 acts or practices in violation of California Business & Professions Code §17200, *et*

18 *seq.*

19      46.    Defendants' conduct as alleged herein constitutes unlawful, unfair,

20 deceptive and/or fraudulent business acts or practices in violation of California

21 Business & Professions Code §17200, *et seq.* because such acts were and are

22 violations of California Health & Safety Code § 110660, which states: "Any food is

23 misbranded if its labeling is false or misleading in any particular."  Defendants have

24 violated Section 110660 because the Pomegranate Blueberry Product's label

25 misleads consumers into believing that it contains primarily pomegranate and

26 blueberry juice.

27      47.    As a direct and proximate result of Defendants' wrongful conduct,

28 Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's good

                                    10              FIRST AMENDED COMPLAINT
                                                    FOR FALSE ADVERTISING

030806.4

1  will with its existing, former and potential customers.  Defendants' conduct has also

2  caused damage to consumers.

3      48.    These wrongful acts have proximately caused and will continue to

4  cause Plaintiff substantial injury, including loss of customers, dilution of goodwill,

5  confusion of existing and potential customers, and diminution of the value of

6  Plaintiff's products.  The harm these wrongful acts will cause to Plaintiff is both

7  imminent and irreparable, and the amount of damage sustained by Plaintiff will be

8  difficult to ascertain if these acts continue.  Plaintiff has no adequate remedy at law.

9      49.    Plaintiff is entitled to an injunction restraining Defendants, their

10 officers, agents, employees, and all persons acting in concert with them from

11 engaging in further such unlawful conduct.

12     50.    Plaintiff is further entitled to a restitutionary recovery from Defendants.

13                          **PRAYER FOR RELIEF**

14     WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

15     1.    For temporary, preliminary and permanent injunctive relief prohibiting

16 Defendants, their agents, or anyone working for, in concert with or on behalf of

17 Defendants from engaging in false or misleading advertising with respect to the their

18 Pomegranate Blueberry Product and/or violating Lanham Act § 43(a), which relief

19 includes but is not limited to removal of all false or misleading advertisements and

20 corrective advertising to remedy the effects of Defendants' false advertising.

21     2.    For an order requiring Defendants to correct any erroneous impression

22 persons may have derived concerning the nature, characteristics, or qualities of their

23 Pomegranate Blueberry Products, including without limitation, the placement of

24 corrective advertising and providing written notice to the public.

25     3.    That Defendants be adjudged to have violated 15 U.S.C. §1125(a) by

26 unfairly competing against Plaintiff by using false, deceptive or misleading

27 statements of fact that misrepresent the nature, quality and characteristics of their

28 Pomegranate Blueberry Products.

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

1030806.4

1    4.    That Defendants be adjudged to have unlawfully and unfairly competed

2 against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code

3 §17200, *et seq.*

4    5.    That Defendants be adjudged to have unfairly competed against

5 Plaintiff by engaging in false or misleading advertising under the laws of the State

6 of California, Cal. Bus. & Prof. Code §17500, *et seq.*

7    6.    That Plaintiff be awarded damages Plaintiff has sustained in

8 consequence of Defendants' conduct.

9    7.    That Plaintiff be awarded Defendants' profits obtained by Defendant as

10 a consequence of Defendants' conduct.

11    8.    That such damages and profits be trebled and awarded to Plaintiff as a

12 result of Defendants' willful, intentional and deliberate acts in Plaintiff violation of

13 Lanham Act § 43(a).

14    9.    That Plaintiff recover its costs and reasonable attorneys' fees.

15    10.    That all of Defendants' misleading and deceptive materials and

16 products be destroyed as allowed under 15 U.S.C. §1118.

17    11.    That Plaintiffs be granted prejudgment and post judgment interest.

18    12.    That Plaintiff have such other and further relief as the Court deems just

19 and proper.

20 Dated: June ___, 2009                    ROLL INTERNATIONAL CORPORATION
                                           LEGAL DEPARTMENT,
21

22

23                              By:_____
                                    Daniel S. Silverman
24                                  Attorneys for Plaintiff
                                    POM WONDERFUL LLC
25

26

27

28

                              12              FIRST AMENDED COMPLAINT
                                              FOR FALSE ADVERTISING

Formatted: Normal, Right: 0"

Formatted: Normal, Centered, Right: 0"

Deleted: September

Deleted: 22

Deleted: 8

Deleted: LOEB & LOEB LLP¶

Deleted: ANDREW S. CLARE .
MARK D. CAMPBELL .
DAVID GROSSMAN

Deleted: Mark D. Campbell

Deleted: {030806.1}LA1784347.3¶
202841-10091

Formatted: Normal, Right: 0"

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

Dated: June ___, 2009

ROLL INTERNATIONAL CORPORATION
LEGAL DEPARTMENT,

By:_____
    Daniel S. Silverman
    Attorneys for Plaintiff
    POM WONDERFUL LLC

Deleted: September

Deleted: 22

Deleted: 8

Deleted: LOEB & LOEB LLP¶

Deleted: ANDREW S. CLARE . MARK D. CAMPBELL . DAVID GROSSMAN

Deleted: Mark D. Campbell

Formatted: Normal, Centered, Right: 0"

Deleted: {030806.1}LA1784347.3¶ 202841-10091

13

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

{030806.1}