# ORIGINAL

1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
3  DAVID GROSSMAN (SBN 211326)
   dgrossman@loeb.com
4  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
5  Los Angeles, California 90067-4120
   Telephone:   (310) 282-2000
6  Facsimile:   (310) 282-2200

7  DANIEL S. SILVERMAN (SBN 137864)
   dsilverman@roll.com
8  JOIE MARIE GALLO (SBN 178064)
   jgallo@roll.com
9  ROLL INTERNATIONAL CORPORATION – LEGAL DEPT.
   11444 West Olympic Boulevard, 10th Floor
10 Los Angeles, California 90064-1557
   Telephone:  310-966-5700
11 Facsimile:  310-966-5758

12 Attorneys for Plaintiff
   POM WONDERFUL LLC
13

14
                    UNITED STATES DISTRICT COURT
15
                   CENTRAL DISTRICT OF CALIFORNIA
16

17 POM WONDERFUL LLC, a Delaware )   Case No.  CV-08-06237 SJO (PLx)
   limited liability company,        )
18                                    )   **FIRST AMENDED COMPLAINT**
               Plaintiff,             )   **FOR FALSE ADVERTISING**
19                                    )   **UNDER LANHAM ACT § 43(A);**
          v.                          )   **FALSE ADVERTISING UNDER**
20                                    )   **CALIFORNIA BUSINESS &**
   THE COCA COLA COMPANY, a          )   **PROFESSIONS CODE § 17500, ET**
21 Delaware corporation; and DOES 1-10, )   **SEQ.; UNFAIR COMPETITION**
   inclusive,                         )   **UNDER CALIFORNIA BUSINESS**
22                                    )   **& PROFESSIONS CODE § 17500,**
               Defendants.            )   **ET SEQ.**
23                                    )
                                      )
24                                    )   **DEMAND FOR JURY TRIAL**
                                      )
25

26

27

28
                                          FIRST AMENDED COMPLAINT
                                          FOR FALSE ADVERTISING
   {030806.5}

FILED
2009 JUL 27 PM 3:31
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

FAXED

Plaintiff POM WONDERFUL LLC ("Pom Wonderful" or "Plaintiff") hereby alleges as follows:

## PARTIES

1.  Plaintiff Pom Wonderful is a Delaware limited liability company with its principal place of business in Los Angeles, California.

2.  On information and belief, defendant The Coca Cola Company ("Coca Cola") is a Delaware corporation with its principal place of business in Atlanta, Georgia.

3.  Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

4.  Plaintiff is informed and believes, and thereon alleges, that Coca Cola and each of the fictitiously named Doe defendants (collectively "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter. Plaintiff is also informed and believes that, while participating in such acts, each Defendant was the agent, alter ego, conspirator, and aidor and abettor of the other Defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

5.  As described further below, Coca Cola conducts business and manufactures and/or distributes products in the greater Los Angeles area, and throughout the United States.

## JURISDICTION AND VENUE

6.  This action arises under 15 U.S.C. § 1125(a) and the statutory law of the State of California. This Court has subject matter jurisdiction over this action

2

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

{030806.5}

1   pursuant to 28 U.S.C. §1331 (federal question), 15 U.S.C. § 1121 (Lanham Act

2   claims) and 28 U.S.C. §1367 (supplemental jurisdiction).

3        7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and

4   1400 because a substantial part of the events or omissions giving rise to the claims

5   occurred in this District.

6                **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

7        8.     This action seeks redress for Coca Cola's deliberate and unlawful false

8   and misleading representations regarding its Minute Maid Enhanced Pomegranate

9   Blueberry product ("Pomegranate Blueberry Product"), which has been packaged,

10  marketed and sold by Coca Cola based on the representation that the primary

11  ingredients in the product are pomegranate and blueberry juice, when, in fact, the

12  primary ingredients are actually apple and grape juice.

13       9.     This action also seeks redress for the unfair, unlawful and fraudulent

14  business practices of all Defendants, each of whom have participated in making the

15  false advertising claims relating to Coca Cola's Pomegranate Blueberry Product in

16  California and nationwide.

17  **I.    POM WONDERFUL**

18       10.    Plaintiff is the largest grower and distributor of pomegranates and

19  pomegranate juice in the United States.

20       11.    Plaintiff produces, markets and sells POM WONDERFUL® brand

21  bottled pomegranate juice, and various pomegranate juice blends including a

22  pomegranate blueberry blend.  Pom Wonderful has been bottling, selling and

23  marketing its juice products since 2002.

24       12.    When Pom Wonderful began the development and distribution of POM

25  WONDERFUL® juice, it invested millions of dollars in researching the nutritional

26  qualities and health benefits of pomegranate juice, an investment that continues to

27  this day.  Pom Wonderful has consulted with world-renowned scientists, including a

28  Nobel laureate, and underwrites major research studies, many of which are

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

{030806.5}

1  published in well-known and prestigious peer-reviewed scientific and medical

2  journals.

3       13.    Scientists have discovered that pomegranate juice has very high levels

4  of unique polyphenols, antioxidants that are particularly effective at neutralizing

5  free radicals, preventing oxidation of LDL cholesterol (the "bad" cholesterol) and

6  plaque build-up in the blood vessels, and preserving nitric oxide, a key chemical in

7  the body for regulating blood flow and maintaining vessel health.

8       14.    A key element of Pom Wonderful's marketing campaign has been its

9  concentration on the health benefits associated with pomegranates and pomegranate

10 juice, and its emphasis on the high level of antioxidants contained in POM

11 WONDERFUL® brand juice.

12      15.    Through its investment of millions of dollars to research and promote

13 the nutritional qualities and health benefits associated with pomegranate juice,

14 Plaintiff largely created the burgeoning market for genuine pomegranate juice that

15 exists today.  POM Wonderful's pomegranate juice has, in only six short years,

16 eclipsed all other products in its market segment of super premium juices to take the

17 #1 spot nationwide in supermarket sales, as well as the #1 spots in the key

18 geographic regions of Los Angeles, Chicago, New York, among many others.  POM

19 Wonderful's annual supermarket sales have, incredibly, gone from zero to well over

20 $70 million in that same period.

21      16.    Due to POM's marketing efforts and funding of research, and

22 substantial research not funded by POM, many consumers now associate

23 pomegranate juice with certain nutritional qualities and health benefits.

24 Unscrupulous competitors have set out to cash in on Plaintiff's success by marketing

25 and selling to consumers products labeled as "pomegranate juice," that in fact

26 contain little or no actual pomegranate juice.  Coca Cola is one such competitor.

27 **II.    COCA COLA AND ITS FALSE ADVERTISING OF ITS**

28 **POMEGRANATE BLUEBERRY PRODUCT**

4

17.    Coca Cola markets and sells various bottled juice products under such brands as, among others, Odwalla and Minute Maid, and is currently one of Plaintiff's primary competitors in the bottled pomegranate juice market. Coca Cola is based in Atlanta, Georgia and, Plaintiff is informed and believes, markets, distributes and sells its products, including its Pomegranate Blueberry Product, in Los Angeles County and throughout the United States.

18.    In September 2007, Coca Cola announced the addition of a new "Minute Maid® Pomegranate Blueberry" product to its line of "Minute Maid Enhanced Juices" targeting "the health-conscious shopper."



19.    Like the pomegranate, in recent years the blueberry has become a staple for health conscious consumers because of its high antioxidant capacity. Thus, Coca Cola's Pomegranate Blueberry Product purports to combine two of nature's most powerful antioxidants into a single "Enhanced Juice" product. In fact, the main ingredients in Coca Cola's Pomegranate Blueberry Product are neither pomegranate nor blueberry juice, but rather, apple and grape juice.

20.    Notwithstanding that Coca Cola's product actually contains little pomegranate or blueberry juice, Coca Cola decided to create a label with many misleading elements not required by federal or state regulation. For example, instead of calling its product "Apple Grape" juice, which are the two primary juices

5

{030806.5}

1  in its product, Coca Cola made a marketing decision to give this product the brand

2  name of "Pomegranate Blueberry" juice on the front label, and to juxtapose this

3  brand name with a picture of a pomegranate and other fruits, among other

4  misleading elements. Attached as "Exhibit A" are true and correct copies of

5  photographs of Coca Cola's Pomegranate Blueberry Product.

6      21.    In addition to the claims on the product itself, Coca Cola also maintains

7  a website at <minutemaid.com> that prominently advertises and markets Coca

8  Cola's product as "Minute Maid Enhanced Pomegranate Blueberry" juice. Attached

9  as "Exhibit B" is a true and correct copy of Coca Cola's website advertising its

10  Pomegranate Blueberry Product.

11      22.    Coca Cola has also advertised its Pomegranate Blueberry Product in

12  commercial spots aired during highly rated television shows such as American Idol.

13  Plaintiff is informed and believes that Coca Cola has engaged in other forms of

14  marketing and advertising of its Pomegranate Blueberry Product targeting

15  consumers throughout the United States.

16      23.    Purchasers of Coca Cola's product are likely to be misled and deceived

17  by Coca Cola's product labeling, marketing and advertising. By name alone, one

18  would expect that the primary ingredients in Coca Cola's Pomegranate Blueberry

19  Product are pomegranate and blueberry juice. However, pomegranate juice ranks

20  third, by volume, behind apple and grape juice in Coca Cola's Pomegranate

21  Blueberry Product. Blueberry juice is found in even smaller amounts, ranking fifth

22  among the ingredients found in Coca Cola's product.

23      24.    Coca Cola's false and misleading advertising of its Pomegranate

24  Blueberry Product is damaging to the reputation and goodwill of Plaintiff and is

25  damaging to the consuming public. These false and misleading representations are

26  designed to entice consumers to purchase Coca Cola's product over Plaintiff's

27  products. Specifically, Coca Cola's false and misleading representations regarding

28  the primary ingredients of its product deceive consumers, causing them to believe

{030806.5}

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

1     that its product, like Plaintiff's product, primarily contains pomegranate and

2     blueberry juice. The truth is that Coca Cola's product primarily contains apple juice

3     and grape juice, which are much less expensive juices than pomegranate juice and

4     blueberry juice.

5           25.     Because the cost to produce Coca Cola's product is far less than the

6     cost to produce actual pomegranate blueberry juice (*i.e.*, a juice product whose

7     primary ingredients are actually pomegranate and blueberry juice), Coca Cola can

8     charge less for its product than competitors, including Plaintiff, while reaping a

9     substantial profit. In this way, Coca Cola entices consumers who would otherwise

10    buy Plaintiff's product to buy its product instead. In doing so, Coca Cola

11    wrongfully misleads and deceives consumers, and tricks them into believing that

12    they are getting a similar product (*i.e.*, all natural pomegranate blueberry juice with

13    all of its associated health benefits) for a lower price, when in fact they are getting a

14    very different product primarily containing apple juice and grape juice.

15           26.     The natural, probable and foreseeable result of Coca Cola's wrongful

16    conduct has been to cause confusion, deception and mistake in the pomegranate

17    blueberry juice market as a whole, to deprive Plaintiff of business and goodwill, and

18    to injure Plaintiff's relationships with existing and prospective customers.

19           27.     Plaintiff is informed and believes that Coca Cola's wrongful conduct

20    has resulted in increased sales of Coca Cola's own Pomegranate Blueberry Product

21    while hindering the sales of Plaintiff's pomegranate juice products and damaging

22    Plaintiff's goodwill. Plaintiff has sustained and will sustain damages as a result of

23    Coca Cola's wrongful conduct.

### FIRST CLAIM FOR RELIEF

24

25           (False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a)

26                          Against All Defendants)

27           28.     Plaintiff incorporates by reference Paragraphs 1 through 27 above as

28    though fully set forth herein.

{030806.5}

29.   Upon information and belief Defendants have made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding their products.  These advertisements contain actual misstatements and/or misleading statements and failures to disclose, including, among others, the statement that Defendants' product consists primarily of pomegranate and blueberry juice.

30.   Upon information and belief, these false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers.  This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's customers.

31.   Defendants' false and misleading advertising statements and omissions injure both consumers and Plaintiff.

32.   Defendants' false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. §1125(a).

33.   Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law.  As such, Plaintiff is entitled to an injunction under 15 U.S.C. §1116 restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

34.   Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of Lanham Act § 43(a).  Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

35.   Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result

{030806.5}

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

1  of their acts.  Plaintiff is at present unable to ascertain the full amount of the gains,

2  profits and advantages Defendants have obtained by reason of their acts.

3      36.    Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the

4  costs of this action.  Moreover, Plaintiff is informed and believes, and on that basis

5  alleges, that Defendants' conduct was undertaken willfully and with the intention of

6  causing confusion, mistake or deception, making this an exceptional case entitling

7  Plaintiff to recover additional damages and reasonable attorneys' fees.

8  **SECOND CLAIM FOR RELIEF**

9  (False Advertising Under Cal. Bus. & Prof. Code § 17500

10  Against All Defendants)

11      37.    Plaintiff incorporates by reference Paragraphs 1 through 36 above as

12  though fully set forth herein.

13      38.    Defendants knew or in the exercise of reasonable care should have

14  known that their publicly disseminated statements and omissions relating to their

15  Pomegranate Blueberry Product were false or misleading.  Defendants' false

16  advertising statements and omissions injure consumers and Plaintiff.  Defendants'

17  false and misleading statements include, among others, that Defendants' product

18  consists primarily of pomegranate and blueberry juice.

19      39.    By making such untrue or misleading statements, Defendants have

20  engaged in false advertising in violation of the statutory law of the state of

21  California, Cal. Bus. & Prof. Code §17500, *et seq.*

22      40.    By reason of Defendants' conduct, Plaintiff has suffered injury in fact

23  and has lost money or property.

24      41.    Defendants have caused, and will continue to cause, immediate and

25  irreparable injury to Plaintiff, including injury to its business, reputation, and

26  goodwill, for which there is no adequate remedy at law.  Plaintiff is entitled to an

27  injunction restraining Defendants, their agents, employees, representatives and all

28  persons acting in concert with them from engaging in further such acts, and

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

{030806.5}

1   forbidding Defendants from advertising their Pomegranate Blueberry Product as

2   primarily containing pomegranate and blueberry juice, and from making other false

3   statements in connection with the product.

4          42.   Plaintiff is further entitled to a restitutionary recovery from Defendants.

5                          **THIRD CLAIM FOR RELIEF**

6          (Statutory Unfair Competition – Cal. Bus. & Prof. Code §17200, *et seq.*

7                           Against All Defendants)

8          43.   Plaintiff incorporates by reference Paragraphs 1 through 42 above as

9   though fully set forth herein.

10         44.   Defendants have made, published, disseminated, and circulated false,

11  deceptive, and misleading statements, representations, and advertisements in

12  California misrepresenting the nature, quality, and characteristics of their

13  Pomegranate Blueberry Product with the intent of selling, distributing, and

14  increasing the consumption of, and interest in, their Pomegranate Blueberry Product.

15         45.   Defendants' conduct as alleged herein constitutes unfair competition in

16  that such acts were and are unlawful, unfair, deceptive and/or fraudulent business

17  acts or practices in violation of California Business & Professions Code §17200, *et*

18  *seq.*

19         46.   Defendants' conduct as alleged herein constitutes unlawful, unfair,

20  deceptive and/or fraudulent business acts or practices in violation of California

21  Business & Professions Code §17200, *et seq.* because such acts were and are

22  violations of California Health & Safety Code § 110660, which states: "Any food is

23  misbranded if its labeling is false or misleading in any particular." Defendants have

24  violated Section 110660 because the Pomegranate Blueberry Product's label

25  misleads consumers into believing that it contains primarily pomegranate and

26  blueberry juice.

27         47.   As a direct and proximate result of Defendants' wrongful conduct,

28  Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's good

                                     10              FIRST AMENDED COMPLAINT
                                                     FOR FALSE ADVERTISING
{030806.5}

1  will with its existing, former and potential customers.  Defendants' conduct has also

2  caused damage to consumers.

3      48.    These wrongful acts have proximately caused and will continue to

4  cause Plaintiff substantial injury, including loss of customers, dilution of goodwill,

5  confusion of existing and potential customers, and diminution of the value of

6  Plaintiff's products.  The harm these wrongful acts will cause to Plaintiff is both

7  imminent and irreparable, and the amount of damage sustained by Plaintiff will be

8  difficult to ascertain if these acts continue.  Plaintiff has no adequate remedy at law.

9      49.    Plaintiff is entitled to an injunction restraining Defendants, their

10  officers, agents, employees, and all persons acting in concert with them from

11  engaging in further such unlawful conduct.

12      50.    Plaintiff is further entitled to a restitutionary recovery from Defendants.

13  **PRAYER FOR RELIEF**

14  WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

15      1.    For temporary, preliminary and permanent injunctive relief prohibiting

16  Defendants, their agents, or anyone working for, in concert with or on behalf of

17  Defendants from engaging in false or misleading advertising with respect to the their

18  Pomegranate Blueberry Product and/or violating Lanham Act § 43(a), which relief

19  includes but is not limited to removal of all false or misleading advertisements and

20  corrective advertising to remedy the effects of Defendants' false advertising.

21      2.    For an order requiring Defendants to correct any erroneous impression

22  persons may have derived concerning the nature, characteristics, or qualities of their

23  Pomegranate Blueberry Products, including without limitation, the placement of

24  corrective advertising and providing written notice to the public.

25      3.    That Defendants be adjudged to have violated 15 U.S.C. §1125(a) by

26  unfairly competing against Plaintiff by using false, deceptive or misleading

27  statements of fact that misrepresent the nature, quality and characteristics of their

28  Pomegranate Blueberry Products.

{030806.5}

11

FIRST AMENDED COMPLAINT<br>FOR FALSE ADVERTISING

1       4.      That Defendants be adjudged to have unlawfully and unfairly competed
2  against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code
3  §17200, *et seq.*
4       5.      That Defendants be adjudged to have unfairly competed against
5  Plaintiff by engaging in false or misleading advertising under the laws of the State
6  of California, Cal. Bus. & Prof. Code §17500, *et seq.*
7       6.      That Plaintiff be awarded damages Plaintiff has sustained in
8  consequence of Defendants' conduct.
9       7.      That Plaintiff be awarded Defendants' profits obtained by Defendant as
10 a consequence of Defendants' conduct.
11      8.      That such damages and profits be trebled and awarded to Plaintiff as a
12 result of Defendants' willful, intentional and deliberate acts in Plaintiff violation of
13 Lanham Act § 43(a).
14      9.      That Plaintiff recover its costs and reasonable attorneys' fees.
15      10.     That all of Defendants' misleading and deceptive materials and
16 products be destroyed as allowed under 15 U.S.C. §1118.
17      11.     That Plaintiffs be granted prejudgment and post judgment interest.
18      12.     That Plaintiff have such other and further relief as the Court deems just
19 and proper.

20
21 Dated:  July 27, 2009            ROLL INTERNATIONAL CORPORATION
                                    LEGAL DEPARTMENT
22
23                                  By/ _____
24                                    Daniel S. Silverman
                                      Attorneys for Plaintiff
25                                    POM WONDERFUL LLC
26
27
28

{030806.5}                          12          FIRST AMENDED COMPLAINT
                                                FOR FALSE ADVERTISING

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

3

Dated:  July 27, 2009                    ROLL INTERNATIONAL CORPORATION
4                                         LEGAL DEPARTMENT

5

6                                         By:_____
7                                            Daniel S. Silverman
                                             Attorneys for Plaintiff
8                                            POM WONDERFUL LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{030806.5}

13

FIRST AMENDED COMPLAINT
FOR FALSE ADVERTISING

**EXHIBIT A**





# EXHIBIT B



## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action. My business address is Roll International Corporation – Legal Department, 11444 West Olympic Blvd, 10th Floor, Los Angeles, CA 90064. On July 27, 2009, I served the within documents described as follows:

### FIRST AMENDED COMPLAINT

X        BY MAIL as follows:  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐        BY PERSONAL SERVICE as follows:  By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below by First Legal Messenger Service.

☐        BY FACSIMILE TRANSMISSION as follows:  I sent the document(s) listed above to the person(s) at the address(es) set forth below from facsimile machine(310) 966-5758 on July 27, 2009.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 966-5758 which confirms said transmission and receipt.

☐        BY OVERNIGHT COURIER SERVICE as follows: I sent the document(s) listed above to the person(s) at the address(es) set forth below by _____ courier service.

| Martin D. Bern, Esq.<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105 | Marc T.G. Dworsky, Esq.<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071 |
|---|---|

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 27, 2009, at Los Angeles, California.

Laura Crawford