| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority _____<br>Send _____<br>Enter _____<br>Closed _____<br>JS-5/JS-6 _____<br>Scan Only _____ |
|---|---|---|

**CASE NO.:** CV 08-06237 SJO (FMOx)          **DATE:** February 13, 2013

**TITLE:** Pom Wonderful LLC v. The Coca Cola Company, et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                        Not Present
Courtroom Clerk                                         Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                             Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** [Docket No. 399]

This matter comes before the Court on The Coca Cola Company's ("Defendant") Motion for Summary Judgment ("Motion") on Pom Wonderful LLC's ("Plaintiff") remaining claims. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for February 4, 2013. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendant's Motion.

I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff Pom Wonderful LLC ("Plaintiff") produces and sells pomegranate juices and various pomegranate juice blends. (First Am. Compl. ("FAC") ¶ 11, ECF No. 53.) Defendant The Coca Cola Company ("Defendant") also produces and sells various pomegranate juice blends, including a "Pomegranate Blueberry Blend" that contains 0.5% pomegranate and blueberry juices ("Blend"). (FAC ¶ 17-18.) Plaintiff filed this lawsuit in 2008 originally. (*See generally* Compl., ECF No. 1.) In its operative complaint, Plaintiff alleges that Defendant violated the false-advertising provision of the Lanham Act in its name and labeling of the Blend. (FAC ¶¶ 29-36.) Plaintiff further alleges that Defendant violated California's Unfair Competition Law ("UCL") and its False Advertising Law ("FAL") (collectively, "State Law Claims"), at Cal. Bus. & Prof'l Cod §§ 17200 *et seq.*, 17500 *et seq.*, in substantially similar ways. (FAC ¶¶ 37-50.)

The Court dismissed Plaintiff's original Complaint on two separate grounds: (1) the Lanham Act challenge was directly contrary to the Food and Drug Administration's ("FDA") regulations pursuant to the Food, Drug, and Cosmetic Act ("FDCA") approving the name and labeling of Defendant's drink; and (2) the UCL and FAL claims were expressly preempted by the FDCA to the extent that they imposed obligations additional to the FDCA. (Order re Motion to Dismiss ("First Dismissal Order"), ECF No. 25). The Court also ruled that any marketing and advertising claims

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** **CV 08-06237 SJO (FMOx)**      **DATE:** **February 13, 2013**

under the Lanham Act would not be precluded by FDA regulations. In response to this ruling, Plaintiff filed its First Amended Complaint ("FAC") and added an additional Lanham Act claim relating to marketing and advertising violations. (*See generally* SAC.) The Court thereafter denied Defendant's motion to dismiss (Order Denying Def.'s Mot. to Dismiss ("Second Dismissal Order"), ECF No. 65), and parties entered into discovery.

Upon conclusion of discovery, Defendant moved for summary judgment (ECF No. 149), which this Court granted in part ("Summary Judgment Order") (ECF No. 360). The Court reiterated its prior holding that Lanham Act claims relating to name and labeling of the Blend was precluded by FDA regulations, but that claims relating to the marketing and advertising of the Blend could proceed. However, the Court did not reiterate its prior holding with respect to Plaintiff's State Law Claims, instead dismissing the State Law Claims for lack of standing because Plaintiff had not demonstrated that it was entitled to restitution as opposed to mere injunctive relief.

Plaintiff responded to the Summary Judgment Order in two ways. First, it decided to drop its claims of misleading marketing and advertising, upon an internal determination that it could not prevail on those claims. And second, Plaintiff appealed this Court's Order to the Ninth Circuit Court of Appeals ("Ninth Circuit"). (ECF No. 377.) On appeal, the Ninth Circuit affirmed this Court on its determination that the FDCA precluded Plaintiff's Lanham Act name and labeling claims, but it overturned this Court's holding that Plaintiffs had to demonstrate that they were entitled to restitution in order to have standing to bring those claims. (ECF No. 389.) In so doing, the court relied on two cases decided by the Supreme Court of California after this Court's grant of summary judgment, which ruled explicitly that standing under the two statutes could not be conditioned on a demonstrated right to restitution. *Clayworth v. Pfizer*, Inc., 233 P.3d 1066, 1088 (2010) ("[T]he right to seek injunctive relief under section 17203 is not dependent on the right to seek restitution; the two are wholly independent remedies."); *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 895 (2011) ("[I]neligibility for restitution is not a basis for denying standing under section 17204.").

The Ninth Circuit did not rule on any of this Court's findings apart from the two listed above, leaving the following issues to this Court for resolution: (1) whether Plaintiff demonstrated statutory standing even without the restitution requirement to bring an injunctive relief claim under the UCL and FAL; (2) whether supplemental jurisdiction is still proper, now that the federal claims have been resolved; (3) whether Plaintiff's UCL and FAL claims are expressly preempted by the FDCA and associated FDA regulations; and (4) whether California's safe-harbor doctrine insulates Defendant from Liability on the UCL and FAL claims. In their status report following the Ninth Circuit's decision, filed September 24, 2012, Defendant conceded that Plaintiff has standing to bring its case. (Status Report, ECF No. 391.) The Court has subsequently determined that supplemental jurisdiction is proper over the State Law Claims. (*See generally* Order Granting Mot. for Reconsideration, ECF No. 398.) Thus, the only remaining issues to be determined are those applying federal preemption doctrine and California's safe harbor law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 08-06237 SJO (FMOx)**          DATE: **February 13, 2013**

II.   DISCUSSION

Federal Rule of Civil Procedure 56(a) mandates that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party does not need to produce any evidence or prove the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 325. Rather, the moving party's initial burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party meets its initial burden, the "party asserting that a fact cannot be or is genuinely disputed must support the assertion." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("[O]pponent must do more than simply show that there is some metaphysical doubt as to the material facts."). Further, "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment [and] [f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. At the summary judgment stage, a court does not make credibility determinations or weigh conflicting evidence. *See Anderson*, 477 U.S. at 249. A court is required to draw all inferences in a light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

Defendant limits the arguments in its Motion to the remaining questions whether Plaintiff's State Law Claims are preempted by the FDCA or defeated by California's safe harbor doctrine. (*See generally* Mot.) The Court will therefore address each of these issues in turn.

   A.   Federal Preemption

The first issue requiring resolution is whether the FDCA, and specifically FDA's regulations passed thereunder, preempt Plaintiff from asserting its State Law Claims. The FDCA provides that:

> [N]o State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in

Case 2:08-cv-06237-SJO-FMO Document 417 Filed 02/13/13 Page 4 of 6 Page ID #:7881

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: **CV 08-06237 SJO (FMOx)**        DATE: **February 13, 2013**

       interstate commerce . . . any requirement for the labeling of food . . .
       that is not identical to the requirement of such section.

21 U.S.C. § 343-1(a)(5) ("Rule 343-1"). Pursuant to FDA regulations interpreting this statute, a state law requirement "is not identical to" Rule 343-1 where the requirement "directly or indirectly **imposes obligations** or contains provisions . . . that (I) [a]re not imposed by or contained in [Rule 343-1]; or (ii) [d]iffer from those specifically imposed by or contained in [Rule 343-1]." 21 C.F.R. § 100.1(c)(4) (emphasis added). Parties disagree as to the proper interpretation of this language. In its Motion, Defendant argues that the California laws basing Plaintiff's State Law Claims are subject to a Catch-22: either they impose obligations identical to those in the FDCA, in which case Defendant has already satisfied their obligations; or they impose obligations additional to those in the FDCA, in which case they are preempted by Rule 343-1, as interpreted by the FDA. (Mot. 8.) As an initial matter, this argument is correct: under the plain language of Rule 343-1, to the extent a state law is inconsistent with the FDCA, it is explicitly preempted under the statute.

In response to this point, Plaintiff presents two main arguments. First, Plaintiff argues that, although Defendant may have demonstrated compliance with FDA regulations, the FDCA is the source of federal preemption of state law, and Defendant has not demonstrated compliance with the FDCA in full. (Opp'n 12-13.) As a result, Plaintiff argues, California might impose identical liability to the FDCA, but this liability is not necessarily satisfied by compliance with FDA regulations. There is no basis for this line of argument, however: in the case most on-point to the issue here, in *Carrea v. Dreyer's Grand Ice Cream, Inc.*, the Ninth Circuit refused to consider state law claims against Dreyer's for putting "0g Trans Fat" on its labeling when the FDA had explicitly defined "0g Trans Fat" to include up to 0.5g of trans fats. 475 Fed.Appx. 113, 115 (9th Cir. 2012) ("[Defendant's] statement is an express nutrient content claim that the [FDA] not only permits . . . but further instructs.") The Seventh Circuit ruled similarly in another case, dismissing attempts by that plaintiff to impose state law labeling requirements relating to processed dietary fiber that were additional to federal labeling requirements passed by the FDA. *Turek v. Gen. Mills, Inc.*, 662 F.3d 423, 427 (7th Cir. 2011). Both of these cases notably declined to draw distinctions between sections of the FDCA and FDA's implementation thereof. This is proper: where the FDA properly authorizes certain conduct pursuant to certain sections of the FDCA, such conduct must also be seen as being in compliance with the statute itself. To hold otherwise would be to undermine FDA's authority to implement the FDCA.[1]

Plaintiff next argues that this case is distinguishable from the line of cases cited above because Plaintiff is alleging violations of the FDCA that are unrelated to the FDA regulations with which

---

[1] This conclusion is strengthened by the Ninth Circuit's own ruling on this case on appellate review. In its order to this Court, the Panel observed that Congress and FDA had already "considered and spoken to what content a label must bear so as not to deceive," and that "for a court to act when the FDA has not—despite regulating extensively in this area—would risk undercutting the FDA's expert judgments and authority." *Pom Wonderful LLC v. Coca-Cola Co.*, 679 F.3d 1170, 1177 (9th Cir. 2012). This same policy observation applies equally to preclusion of federal law claims as to preemption fo state law claims.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 08-06237 SJO (FMOx)</u>     DATE: <u>February 13, 2013</u>

Defendant has complied. (Mot. 19.) Under this theory, the previous state law claims were rejected because they urged requirements **contrary to** FDA regulations, whereas Plaintiff asks the Court to find that the Blend is misleadingly labeled **in spite of** Defendant's compliance with FDA regulations. (Mot. 19-20.) This language is belied by the plain language of Rule 343-1, however: Rule 343-1 bans state laws imposing obligations that "[a]re not imposed by or contained in" the FDCA. Rule 343-1. This is a much broader preclusion of state law than one merely preempting contradictory state law would be, and it necessarily must cover situations where parties use state law not to overturn FDA regulations but to impose liability in spite of them. The Court therefore sees no basis for drawing the distinction Plaintiff seeks to establish here.[2]

This point is further confirmed by the broad policy goals asserted by numerous courts in holding that the FDCA preempts application of non-identical state law labeling requirements. As the Seventh Circuit observes:

> [A] state . . . can impose . . . identical requirement or requirements [as the federal government], and by doing so be enabled, because of the narrow scope of the preemption provision . . . to enforce a violation of [federal law] as a violation of state law . . . . This is important because the Food, Drug, and Cosmetic Act does not create a private right of action . . . . A state can also ask the [FDA] to exempt from the requirement of 'identicalness' a state (or local) requirement designed to address a particular need for information which need is not met by the requirements imposed by federal law . . . . [But i]t is easy to see why Congress would not want to allow states to impose disclosure requirements of their own on packaged food products, most of which are sold nationwide. Manufacturers might have to print 50 different labels, driving consumers who buy food products in more than one state crazy.

*Turek*, 662 F.3d at 426. Other courts have identified similar justifications for refusing to hear state claims that imposed additional liability for food labeling. As the Ninth Circuit has noted, suits

---

[2] Plaintiff is correct in arguing that, where a state law claim imposes liability exactly mirroring a federal law, there is no preemption. (*See* Opp'n 12.) The Ninth Circuit affirmed this precept as recently as January 2013, holding that federal law "does not preempt state-law causes of action for damages in which the state law duty **'parallels'** the federal-law duty." *Stengel v. Medtronic Inc.*, 10-17755, 2013 WL 106144 (9th Cir. Jan. 10, 2013) (examining federal preemption under a parallel clause that addresses medical devices, *see* 21 U.S.C. § 360c(a)) (emphasis added). This does not help the Plaintiff's case, however: that Panel explicitly distinguished its holding from cases where plaintiffs' state law claims "would have required [defendants] to give additional warnings, precisely the type of state requirement that is 'different from or in addition to' the federal requirement." *Id* at *7 (internal quotations omitted). Here, as in that case, Plaintiff seeks to impose additional requirements on Defendant's actions.

Case 2:08-cv-06237-SJO-FMO   Document 417   Filed 02/13/13   Page 6 of 6   Page ID #:7883

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 08-06237 SJO (FMOx)</u> | **DATE:** <u>February 13, 2013</u> |

"seek[ing] to enjoin and declare unlawful the very statement[s] that federal law permits and defines. Such relief would impose a burden through state law that is not identical to [federal] requirements . . . [and] are therefore expressly preempted." *Carrea*, 475 F. App'x at 115. All of these arguments, as applied here, support this Court's determination that Plaintiff cannot be allowed to pursue its State Law Claims in the face of FDA action pursuant to the FDCA.

Based on this conclusion, the Court finds that summary judgment is appropriate. It sees no reason to address the question whether Defendant's labeling practices in fact mislead consumers.

      B.    <u>California's Safe Harbor Doctrine</u>

Defendant argues further that, even if Plaintiff's State Law Claims were not preempted by the FDCA and FDA regulations in the area of juice labeling, Plaintiff would be precluded from challenging Defendant's labeling practices because they comply with FDA regulations. (Mot. 11-13.) Under this doctrine, "[i]f the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999) (applying this doctrine particularly to claims under the UCL). This rule applies equally to actions by the California legislature and actions by the U.S. Congress. *See, e.g.*, *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1164 (9th Cir. 2012) (applying California's safe harbor statute to the Truth in Lending Act). And it is expressly Here, Congress has explicitly allowed labeling that is not misleading, and granted FDA the authority to make such a determination. Defendant has complied with the relevant FDA regulations, and so, per the discussion above, is also compliant by extension with the FDCA. The Court therefore finds that California's Safe Harbor Statute provides a separate and independent basis for granting the Motion.

IV.    <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment on Plaintiff's remaining State Law Claims. This matter shall close.

IT IS SO ORDERED.