UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | _____ |
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

CASE NO.: <u>CV 08-06237 SJO (MRWx)</u>    DATE: <u>October 21, 2015</u>

TITLE:    <u>POM Wonderful LLC v. The Coca Cola Company</u>

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                                Not Present
Courtroom Clerk                                              Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**           **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                                    Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART PLAINTIFF LEAVE AMEND RULE 26 INITIAL DISCLOSURES; ORDERING WITNESSES TO APPEAR FOR DEPOSITION; DENYING REQUEST TO STRIKE EXPERT REPORTS; AMENDING SCHEDULING ORDER**

This matter comes before the Court on its own motion. On August 26, 2015, Plaintiff POM Wonderful LLC ("POM") and Defendant The Coca Cola Company ("Coca-Cola") filed a Joint Request for a Rule 16 Pretrial Conference ("Request") asking the Court to rule on a number of disputes concerning fact and expert witnesses that followed the Court's limited re-opening of discovery on May 21, 2015. (Req. for Rule 16 Pretrial Conference, ECF No. 480; Scheduling Order, ECF No. 448.) In particular, the parties sought instruction from the Court as to the appropriateness of allowing POM to supplement its Rule 26 initial disclosures with certain fact and expert witnesses listed in Plaintiff's Third Amended Rule 26(a)(1) Initial Disclosures ("Amended Initial Disclosures"), as well as Defendant's decision not to produce Michael St. John, the president of Minute Maid at Coca-Cola, for deposition. (*See generally* Request.)

On September 17, 2015, the Court issued an Order Denying Joint Request for a Rule 16 Pretrial Conference (the "Order") in which it (1) ruled on the appropriateness of allowing POM to amend its Rule 26 disclosures to include certain previously undisclosed fact and expert witnesses listed in the Amended Initial Disclosures; (2) ordered POM "to file a single notice with the Court by no later than October 5, 2015 that includes" four pieces of information requested by Coca-Cola for other witnesses listed in the Amended Initial Disclosures; and (3) ruled that Mr. St. John need not appear for deposition. (*See* Order Den. Request, ECF No. 483.) On October 5, 2015, POM filed the requested Notice in Response to September 17, 2015 Order Denying Joint Request for Rule 16 Pretrial Conference ("First Notice") in which POM objected to a number of the orders and conditions contained in the Order. (See ECF No. 484.) POM filed a Notice of Constitutional Violation ("Second Notice") on October 7, 2015, in which it expanded on its objections to the Order. (ECF No. 485.) On October 9, 2015, the Court issued a minute order granting Coca-Cola an opportunity to respond to POM's First Notice and Second Notice ("Response Order"). (Order Granting Def. an Opportunity to Respond to Pl.'s Notice in Resp. to September 17, 2015 Order Den. Request, ECF No. 486.) Coca-Cola timely filed its Response to the Notice ("Coca-Cola Response") on October 16, 2015, purporting to clarify a number of factual developments, objecting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 08-06237 SJO (MRWx)</u>           DATE: <u>October 21, 2015</u>

to a number of POM's positions taken in the First and Second Notices, and making several new requests. (*See* Coca-Cola Response, ECF No. 488.) POM timely filed its Reply in Support of its October 5 and 7 Notices ("Reply") on October 20, 2015, objecting to a number of Coca-Cola's positions and requests. (Reply, ECF No. 490.)

Having considered the Request, Pom's First and Second Notices, and Coca-Cola's Response, the Court **ORDERS** as follows.

I.      BACKGROUND AND PROCEDURAL HISTORY

POM initiated an action against Coca-Cola on September 22, 2008, alleging three causes of action associated with Coca-Cola's sales of "Minute Maid® Enhanced Pomegranate Blueberry Flavored 100% Juice Blend" ("the Juice"): (1) False Advertising under section 43 of the Lanham Act, 15 U.S.C. § 1125(a); (2) False Advertising under section 17500 of the California Business and Professions Code; and (3) Statutory Unfair Competition under sections 17200 *et seq.* of the California Business and Professions Code. (Compl., ECF No. 1.) Coca-Cola filed a motion to dismiss the Complaint, largely on federal preemption grounds, on November 26, 2008. (Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 8.) On February 10, 2009, the Court dismissed POM's Lanham Act cause of action to the extent it challenged the Juice's formal name and labeling "in areas for which the FDA has promulgated regulations implementing the [FDCA]" ("First MTD Order"). (Order Granting in Part and Denying in Part Def.'s Mot. to Dismiss, ECF No. 25.)

POM filed a First Amended Complaint ("FAC") on July 27, 2009, alleging the same three causes of action. (First Am. Compl., ECF No. 53.) On September 1, 2009, the parties stipulated to the following fact and expert discovery schedule:

- November 19, 2009: identification of expert witnesses and exchange of expert reports
- December 31, 2009: identification of rebuttal expert witnesses and exchange of rebuttal reports
- January 15, 2010: completion of fact discovery
- January 29, 2010: completion of expert discovery

(*See* Decl. Daniel S. Silverman Supp. Pl.'s Mot. in Limine No. 1, ECF No. 189-2, Ex. A ("Stipulated Schedule").)

On September 15, 2009, the Court issued an order denying Coca Cola's Motion to Dismiss POM's First Amended Complaint. (Order Denying Def.'s Mot. to Dismiss First Am. Compl. ("Second MTD Order"), ECF No. 65.) In the Second MTD Order, the Court unequivocally ruled that "POM is permitted to conduct discovery with respect to the naming, labeling, and packaging of the Juice." (Second MTD Order 4.) On May 5, 2010, the Court granted summary judgment in favor of Coca-Cola to the extent that POM would be precluded from pursuing its Lanham Act claim against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: <u>CV 08-06237 SJO (MRWx)</u>    DATE: <u>October 21, 2015</u>

naming and labeling on the Juice's bottle and the vignette of fruits affixed to the bottle, but denied summary judgment as to POM's advertising and marketing claims ("Summary Judgment Order"). (Order Granting in Part and Den. in Part Mot. for Summary Judgment, ECF No. 360.) On May 28, 2010, POM filed a Notice of Appeal to the Ninth Circuit Court of Appeal. (Notice of Appeal, ECF No. 377.)

After the Ninth Circuit Court of Appeal affirmed in part and vacated in part the Order, a writ of certiorari to the United States Supreme Court followed, and on June 14, 2014, the U.S. Supreme Court held that the Food, Drug, and Cosmetic Act ("FDCA") did not preclude POM from bringing a Lanham Act claim against Coca-Cola challenging as misleading a beverage label that is regulated by the FDCA. *See POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2230 (2014) ("Competitors may bring Lanham Act claims like POM's challenging food and beverage labels regulated by the FDCA.").

On March 9, 2015, before the action was remanded from the Ninth Circuit, the Court held a Status Conference in which it stated that although it did not "think that the discovery should be reopened completely" in line with POM's suggestion, that there "should be some additional discovery . . . interrogatories and other discovery that POM attempted to pursue and Coca-Cola refused to answer, in light of this Court's prior ruling. . . . we need to have discovery especially involving damages and discovery . . . that did not take place previously that was initiated by POM." (March 9, 2015 Tr. 5:13-6:5.) Moreover, during the Status Conference, counsel for Coca-Cola noted that there "already had [been] a lot of discovery about the name and label of the product," and that there was no "need to go back to square one because of the earlier rulings on liability." (March 9, 2015 Tr. 11:25-12:3.) POM did not respond to either the Court's or Coca-Cola's positions regarding the scope of the reopening of discovery, nor did it give any hint that it intended to significantly augment its fact and expert witness disclosures. (*See generally* March 9, 2015 Tr.) During the Status Conference, the Court directed the parties to meet and confer regarding the scope and timing of future discovery. (March 9, 2015 Tr. 7:1-18.) On May 18, 2015, the parties submitted a Joint Statement and Proposed Scheduling Order indicating their preferred discovery dates. (Joint Statement and Proposed Scheduling Orders, ECF No. 447.) In the Joint Statement and Proposed Scheduling Order, although the parties discussed in vague terms the scope of the re-opening of discovery, POM did not provide its interpretation of how broadly discovery should be re-opened, nor identified the many witnesses it now seeks to include in its Rule 26 initial disclosures.

The action was remanded to this Court from the Ninth Circuit on April 23, 2015. (ECF No. 441.)

On May 21, 2015, the Court issued a Scheduling Order in line with the parties suggestions and set trial for March 1, 2016. (Scheduling Order, ECF No. 448.) The Court also issued a fact discovery cutoff date of August 31, 2015, a supplemental expert report exchange date of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

CASE NO.:  <u>CV 08-06237 SJO (MRWx)</u>          DATE:  <u>October 21, 2015</u>

September 30, 2015, a rebuttal expert report exchange date of October 31, 2015, and an expert discovery cutoff date of November 30, 2015.  (*Id.*)

On July 27, 2015 POM served the Amended Disclosures on Coca-Cola.  (Request, Ex. A.)  The Amended Disclosures state that POM intends to offer at trial several fact and expert witnesses who were not identified in POM's earlier initial disclosures or witness lists.  (Request 2.)  The Parties dispute the propriety of the Amended Disclosures.  (*Id.*)  On August 6 and 16, 2015, Coca-Cola advised POM that it would not produce Michael St. John, the President of Minute Maid at Coca-Cola, for deposition because POM did not depose Mr. St. John in 2009 or 2010.  (*Id.*)

On August 26, 2015 the parties filed the Request.  (*See* Request.)  In the Request, POM argues it should be permitted to amend its Rule 26 disclosures to include heretofore undisclosed fact and expert witnesses because (1) the Court limited at an early stage POM's name and labeling claims, and POM should be permitted to take additional discovery in light of the Supreme Court's ruling; (2) Coca-Cola would not be prejudiced by the addition of these witnesses; (3) the addition of these witnesses would not delay any pre-trial or trial dates; and (4) many of POM's fact witnesses have left the company or retired since the Order was issued, warranting additional discovery.  (Request 6.)  Coca-Cola responds that (1) POM was permitted to conduct discovery with respect to the naming, labeling, and packaging of the Juice, and in fact conducting extensive discovery into the naming and labeling of the Juice; (2) Coca-Cola would be prejudiced by the addition of the fact and expert witnesses, and the mentioning of an individual during a deposition does not constitute "disclosure" within the meaning of the Federal Rules of Civil Procedure; (3) permitting POM to add numerous fact and expert witnesses would require delaying pre-trial and trial dates; and (4) although POM should be permitted to supplement discovery due to the passage of time, it should not be given a second bite at the apple.  (Request 18-21.)

In the Order, the Court (1) ruled on the propriety of permitting POM to amend its Rule 26 disclosures to include certain previously undisclosed fact and expert witnesses listed in the Amended Initial Disclosures; (2) ordered POM "to file a single notice with the Court by no later than October 5, 2015 that includes" four pieces of information requested by Coca-Cola for other witnesses listed in the Amended Initial Disclosures; and (3) ruled that Mr. St. John need not appear for deposition.  (*See* Order.)  On October 5, 2015, POM filed the First Notice, in which it objected to a number of the orders and conditions contained in the Order.  (*See* First Notice.) POM's Second Notice expanded on its objections to the Order.  (Second Notice.)  On October 9, 2015, the Court issued the Response Order, granting Coca-Cola an opportunity to respond to POM's First Notice and Second Notice and permitting POM to file a Reply in support of the Notices.  (*See* Response Order.)  Coca-Cola timely filed its Response on October 16, 2015, purporting to clarify a number of factual developments, objecting to a number of POM's positions taken in the First and Second Notices, and making several new requests, including requests for the Court to compel POM to produce witnesses for deposition, to strike two expert reports, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:   CV 08-06237 SJO (MRWx)              DATE:  October 21, 2015

to extend the pre-trial deadlines.  (*See* Coca-Cola Response.)  POM timely filed its Reply on October 20, 2015, objecting to Coca-Cola's positions and requests.  (*See* Reply.)

II.     DISCUSSION

   A.     POM's Newly Disclosed Fact Witnesses

In its Amended Disclosure, POM identifies 14 potential fact witnesses, only four of whom previously appeared on any of POM's previous initial disclosures or witness lists.  (Am. Disclosure.)  The 10 fact witnesses not previously included in any Rule 26 initial disclosure are: Adam Cooper, Dominic Engels, John Glenn, Miguel Guizar, Stacey Lee, Dr. Harley Liker, Ari Mackler, Mark Orsi, Kyle Redfield, and Mike Stokes.  (*Id.*)

      1.     Ari Mackler and Dominic Engels

In the Request, Coca-Cola represented to the Court that it "agreed to take personal depositions" of Dominic Engels and Ari Mackler—the ostensible replacements of the former President of and Vice President of Scientific Affairs at POM Wonderful—and therefore did not object to POM's adding these witnesses to POM's Rule 26 initial disclosures.  (*See* Request 22.)  Nor does Coca-Cola now object to the addition of these two witnesses through its Response.  (*See* Coca-Cola Response.)  Accordingly, POM is **GRANTED** leave to amend its Rule 26 initial disclosures to include Dominic Engels and Ari Mackler.  These witnesses may testify regarding the subjects currently listed in the Amended Disclosures, subject to the Court's orders immediately below regarding depositions.

The parties agree that Mr. Mackler is a substitute for departed POM witness Mark Dreher and is the current "Vice President of Clinical Development at POM Wonderful."  (*See* Am. Disclosures 7.)  Coca-Cola represents in its Response that it noticed Mr. Mackler's deposition more than two months ago and made a timely request to reschedule due to a conflict, but that POM has "since ignored Coca-Cola's repeated requests to reschedule Mr. Mackler's deposition."  (Coca-Cola Response 7.)  POM responds that it "agreed to make Mr. Mackler available for his deposition back in August, but Coca-Cola dropped the issue and strategically chose not to take Mr. Mackler's deposition while fact discovery was still open."  (Reply 4.)  POM speculates that Coca-Cola likely "decided to drop the ball" because it "saw some strategic benefit to its argument regarding Mr. St. John's deposition," and should not be permitted to benefit from its own decision to extend the relevant pre-trial deadlines.  (Reply 4.)  Given these arguments and the contentious discovery disputes in this litigation, the Court declines to deem one party more at fault than the other.  The parties filed the Request on August 26, 2015, days before the August 31, 2015 fact discovery cutoff date imposed by the Court in the Scheduling Order.  (*See* Scheduling Order.)  Because the Request sought the Court's guidance as to several interrelated discovery issues that followed the limited re-opening of discovery, the Court cannot say that Coca-Cola's decision not to pursue the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 08-06237 SJO (MRWx)    **DATE:** October 21, 2015

deposition of Mr. Mackler until the Court had fully ruled on both the Request and the permissibility of POM's amendment of its Rule 26 initial disclosures is patently unreasonable. The parties do not question the importance of Mr. Mackler's anticipated testimony, which appears highly relevant to Coca-Cola's unclean hands defense and POM's rebuttal of that defense. The interests of justice dictate that the Court afford Coca-Cola an opportunity to explore Mr. Mackler's testimony before the dispositive motions are filed and before trial. Accordingly, the Court **ORDERS** POM to produce Mr. Mackler for deposition by no later than December 4, 2015.

Coca-Cola also represents in its Response that it has deposed Dominic Engels as a Rule 30(b)(6) witness, but argues that Mr. Engels was "uneducated and unprepared to testify" about the topic of "[f]orecasts, budgets, projections, and business plans for [POM's] pomegranates and [POM]'s pomegranate juice products." (Coca-Cola Response 7.) Coca-Cola has further represented that POM has "rebuffed" Coca-Cola's request to call Mr. Engels back after he had been educated about the topic or to have POM designate an alternative witness. (Coca-Cola Response 8.) Coca-Cola therefore asks the Court to order POM to designate a knowledgeable Rule 30(b)(6) witness about this topic. (*Id.* 7-8.) POM responds that not only is Coca-Cola's request procedurally improper, but also that Mr. Engels was prepared to testify about the designated topics and that any apparent shortcomings in his testimony are the result of Coca-Cola's failure to ask appropriate follow-up questions. (Reply 4-5.) Although Coca-Cola failed to attach as an exhibit to its Response the relevant pages of Mr. Engels' deposition transcript, POM attached a redacted copy of these pages to its Reply. (*See* Decl. Kristina M. Diaz in Supp. Reply, Ex. A.) Having reviewed the cited portions of Mr. Engels' deposition transcript, the Court agrees with POM that Mr. Engels was not uneducated about the designated topics, nor did he fail to answer questions on topics on which he was designated to testify. Thus, Coca-Cola will not be permitted to depose Mr. Engels for a second time, nor will POM be required to designate a second witness to testify on the topic of "forecasts, budgets, projections, and business plans for [POM's] pomegranates and [POM's] pomegranate juice products."

      2.      Miguel Guizar and John Glenn

In the Order, the Court noted that "[b]ecause POM has provided no information about the nature of the discoverable information Mr. Guizar and Mr. Glenn might possess and why such information would be relevant to the case, not prejudicial to Coca-Cola, and in line with the Court's discovery mandate, Mr. Guizar and Mr. Glenn will not be added to the Amended Disclosures and will not be permitted to testify at trial." (Order 6-7.) Neither POM nor Coca-Cola has expressed disagreement with this ruling, and therefore the Court re-affirms that neither Mr. Guizar nor Mr. Glenn will be added to POM's Rule 26 initial disclosure list, nor will either witness testify at trial.

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

CASE NO.: <u>CV 08-06237 SJO (MRWx)</u>　　　　DATE: <u>October 21, 2015</u>

　　　　3.　　<u>Kyle Redfield and Mike Orsi</u>

In its Reply, POM represents that "in consideration of the Court's time limitations for trial of this matter," it agrees to withdraw Mark Orsi and Kyle Redfield as witnesses in this matter. Accordingly, POM will not be permitted to amend its Rule 26 initial disclosures to include these individuals, nor will Coca-Cola be permitted to depose them.

　　　　4.　　<u>Adam Cooper and Mike Stokes</u>

After reviewing the information contained in POM's First and Second Notices, which Coca-Cola sought but was unable to obtain absent an order from the Court, Coca-Cola stated that it "does not object" to Adam Cooper and Mike Stokes being offered as fact witnesses at trial, subject to certain limitations discussed below. (Coca-Cola Request 5-6.)

With respect to Mr. Cooper, Coca-Cola does not object to his being proffered as a fact witness on the subject identified in POM's First Notice; i.e., "POM's **market presence**, primarily as to market research regarding POM's consumers and the juice market, which occurred after the close of prior fact discovery." (Coca-Cola Request 6; First Notice 8-9 (emphasis added).) This subject is different in scope than the subjects identified in the Amended Disclosures, in which POM requested that Mr. Cooper "may testify as a **rebuttal witness** regarding the following subjects, among others: POM Wonderful's **market presence, position, and competition**; and POM's **sales**, Coca-Cola's **sales**, and the **impact** of Coca-Cola's sales on POM's sales." (Am. Disclosures 6 (emphasis added).) POM does not address in its Reply Coca-Cola's attempt to limit the scope of testimony Mr. Cooper may permissibly provide, but the Court nevertheless finds that each of the subjects identified in the Amended Disclosures relates to damages, and therefore the Court **GRANTS** POM leave to amend its Rule 26 initial disclosures to include Adam Cooper as a witness who may testify about the subjects currently listed in the Amended Disclosures. For the reasons discussed in Section II(B)(3), *infra*, however, the Court **ORDERS** POM to produce Mr. Cooper for deposition by no later than **Wednesday, November 4** to best accommodate the amended schedule that has resulted from the instant discovery disputes. (Reply 3.)

With respect to Mr. Stokes, Coca-Cola does not object to his being proffered as a fact witness "as long as his testimony will be limited to POM's capacity to produce pomegranates and pomegranate juice." (Coca-Cola Response 5.) This is the subject identified in the Amended Disclosures. (Am. Disclosures 5.) Moreover, Mr. Stokes has already been deposed. (Reply 17.) Accordingly, the Court **GRANTS** POM leave to amend its Rule 26 initial disclosures to include Mike Stokes.

///
///
///

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　__ : __
CIVIL GEN　　　　　　　　　　　Page 7 of 18　　　　　　Initials of Preparer _____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 08-06237 SJO (MRWx)</u>   **DATE:** <u>October 21, 2015</u>

     5.    <u>Stacey Lee</u>

There is more disagreement regarding the subjects on which Stacey Lee should be permitted to offer testimony, both as a fact witness and as an expert witness. The Amended Disclosures provide that Ms. Lee may testify as a fact witness regarding "[t]he formulation of the Minute Maid Pomegranate Blueberry Juice Product and its ingredients." (Am. Disclosures 6.) In the Order, the Court stated that Ms. Lee will not "be permitted to offer testimony regarding how [Coca-Cola's] Juice is formulated" because Ms. Lee was not properly disclosed in any earlier Rule 26 initial disclosures and because her "anticipated testimony does not fall within the scope of the additional discovery permitted by the Court." (Order 7.) The Court also stated, however, that Ms. Lee "may be added to the Rule 26 disclosure list for the sole purpose of providing testimony regarding the ingredients, formulation and testing of POM's branded juice products" should POM make certain showings. (Order 7.)

In the First Notice, POM provides sufficient information to demonstrate that adding Ms. Lee to POM's Rule 26 initial disclosures as a fact witness for the purpose of "provid[ing] testimony concerning the formulation of **POM's** products" is both "substantially justified" and "harmless." (First Notice 7 (emphasis added).) Far less clear is whether POM has demonstrated that it would be "substantially justified" in amending its Rule 26 initial disclosures to allow Ms. Lee to testify as a fact witness on the subject of **Coca-Cola's** pomegranate juice formulation, or whether such an amendment would be "harmless." In the Second Notice, POM states that it "desires that Ms. Lee be allowed to testify regarding Coca-Cola's own formulation" and that she should be "allowed to do so because the case that POM may try now is different than the one the Court would previously allow." (Second Notice 11-12.)

"In determining whether to preclude introduction of evidence pursuant to Federal Rule of Civil Procedure 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it [sic] failure to disclose the evidence." *Dey, L.P. v. Ivax Pharms., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005). POM argues in the Request that Ms. Lee was "'made known' to Coca-Cola on January 6, 2010 at the Deposition of Mr. Malcolm Knight," who testified that "POM has a set of taste characteristics that is determined largely by Ms. Lee," and that in light of this disclosure, "POM was under no duty to supplement its Rule 26 disclosures, but did so anyway" and that "Coca-Cola has had ample time to depose Ms. Lee but, for whatever reason, chose not to." (Request 11.) Although the fact that Mr. Malcom Knight "made [Ms. Lee] known" at his deposition does mitigate against the "surprise" Coca-Cola might have faced in response to POM's declaration of its intent to offer Ms. Lee as an individual who may testify about **POM's** pomegranate juice, it in no way lessens the surprise Coca-Cola appears to have faced when it learned that POM intended to proffer testimony from Ms. Lee regarding **Coca-Cola's** Juice formulation. Moreover, POM has not offered persuasive argument as to why Ms. Lee's anticipated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: **CV 08-06237 SJO (MRWx)** | DATE: **October 21, 2015** |

fact witness testimony regarding the Juice's formulation and ingredients would be particularly important given the documentary evidence POM intends to submit and Coca-Cola's own witnesses who can testify as to these topics. (*See* Am. Disclosures 11-12.) Nor has POM offered any explanation as to why Ms. Lee was not "made known," much less properly disclosed, to Coca-Cola during the initial discovery period as a witness having discoverable information concerning the Juice's formulation and ingredients. As such, POM has not met its burden of showing that adding Ms. Lee to its Rule 26 initial disclosure list as a fact witness who may testify on the subject of Coca-Cola's Juice formulation and ingredients is "substantially justified or harmless."

Whether Ms. Lee should be added to POM's Rule 26 expert disclosure list presents a different set of questions. In the Second Notice, POM indicated that it intends to proffer Ms. Lee to "testify regarding Coca-Cola's own formulation . . . because the case that POM may try now is different than the one the Court would previously allow." (Second Notice 11-12.) POM provides no reasoned basis for this proclamation, as the procedural history of this case makes clear that POM had every opportunity to conduct discovery regarding the Juice's formulation. In the First Amended Complaint ("FAC"), POM brought the following causes of action against Coca-Cola: (1) False Advertising under section 43 of the Lanham Act; (2) False Advertising under section 17500 of California's Business and Professions Code; and (3) Statutory Unfair Competition under sections 17200 *et seq.* of California's Business and Professions Code. (*See* FAC, ECF No. 53.) In the February 10, 2009 First MTD Order, the Court dismissed POM's Lanham Act claim "only to the extent it challenges the Juice's formal name and labeling in areas for which the FDA has promulgated regulations implementing the FFDCA" and that POM's state law claims are "preempted to the extent they seek to impose any obligations that are 'not identical to'" sections of the FFDCA. (First MTD Order 7, 11.) Thus, at the bare minimum, the First MTD Order left room for POM to bring Lanham Act claims regarding "Coca-Cola's marketing and advertising" in areas not regulated by the FDA. (First MTD Order 7.) Moreover, in the September 15, 2009 Second MTD Order, the Court denied Coca-Cola's attempts to dismiss the FAC, expressly stating that POM is "not precluded from discovery in furtherance of its Lanham Act Claim." (Second MTD Order 2-3.) Even in the Summary Judgment Order, the Court denied summary judgment as to POM's advertising and marketing claims brought under the Lanham Act. (Summary Judgment Order 36-39.) None of these orders should have dissuaded, much less precluded, POM from seeking to obtain discovery regarding "[t]he formulation of the [Juice] and its ingredients." Thus, POM cannot now proclaim that simply "because the case that POM may try now is different than the one the Court would previously allow," it should be permitted to proffer a new expert witness on topics unrelated to the Juice's name and label absent any explanation as to why it failed to elicit such testimony during the initial discovery period. (Second Notice 12.)

The Court **GRANTS** POM leave to amend its Rule 26 initial disclosures to include Stacey Lee as a witness who may offer fact witness testimony on the subject of the formulation of POM's pomegranate juice products and their ingredients. Ms. Lee will not be permitted to offer lay witness testimony regarding Coca-Cola's Juice formulation or ingredients, nor will she be permitted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 08-06237 SJO (MRWx) | DATE: October 21, 2015 |

to offer expert testimony regarding the impact of various fruit juice ingredients on the taste, color, or texture of the Juice. POM has agreed to produce Ms. Lee for deposition, and Coca-Cola will therefore have an opportunity to explore her anticipated testimony. (Reply 3.) Because POM did not specify a date by which it will produce Ms. Lee for deposition, the Court **ORDERS** POM to produce Ms. Lee for deposition by no later than December 4, 2015.

      6.    <u>Harley Liker</u>

POM's Amended Disclosures list Dr. Liker as a potential witness regarding "[t]he history and development of POM's research program." (Am. Disclosures 7.) In the Order, the Court ruled that "in order for POM to be permitted to add Dr. Liker to its Rule 26 disclosure list and call him as a fact witness at trial, POM must demonstrate either" (1) that Dr. David Kessler, a previously disclosed witness, is "unavailable to testify and that Dr. Liker's anticipated testimony is limited to providing first-hand knowledge of the scientific research and studies that he directed and coordinated while at POM;" or (2) if Dr. Kessler is unavailable to testify, that "Dr. Liker's anticipated fact witness testimony relates to research and studies that Dr. Liker directed and coordinated after the close of fact discovery during time period(s) that Dr. Kessler was not involved in POM's medical research program." (Order 8.) The Court also precluded Dr. Liker from offering expert opinions at trial because such testimony did not fall within the scope of the limited re-opening of discovery. (Order 12-13.) The premises underlying the Court's rulings were (1) that Dr. Kessler and the other disclosed medical doctor witnesses were properly disclosed before the initial close of discovery; and (2) that Dr. Liker's anticipated fact witness testimony would relate solely to research and studies he directed while at POM. (*See id.*) POM has confirmed the latter premise to be the case (Second Request 12), but Coca-Cola takes issue with the former premise, stating that "in early 2010, Coca-Cola filed a [M]otion [in Limine No. 2] seeking to exclude the testimony of all six of these belatedly-disclosed doctors" (Coca-Cola Response 12).

First, the Court notes that it has yet to rule on Coca-Cola's Motion in Limine No. 2, and declines to do so at this juncture. Indeed, although Coca-Cola objects "to any of these late-disclosed fact witnesses, including Dr. Liker, appearing at trial," this objection is predicated on the Court granting Coca-Cola's Motion in Limine No. 2, and Coca-Cola does not advance a separate objection to having the re-opening of discovery include Dr. Liker's testimony regarding "[t]he history and development of [POM's] research program." (Coca-Cola Response 12.) Such anticipated testimony is clearly relevant to POM's rebuttal of Coca-Cola's unclean hands defense, and its importance weighs in favor of permitting POM to amend its Rule 26 initial disclosures. *Dey*, 233 F.R.D. at 571. Similarly, given (1) POM included Dr. Liker in the Second Amended Joint Witness List; (2) Dr. Liker was mentioned during the deposition of Mark Dreher; and (3) Coca-Cola moved to exclude Dr. Liker's testimony in its Motion in Limine No. 2, Coca-Cola cannot say it is "surprised" by POM's request to include Dr. Liker in the Amended Disclosures. *See id.* In any event, any "surprise" felt by Coca-Cola would be minimized by permitting Coca-Cola to depose Dr. Liker, and limiting Dr. Liker's testimony to lay and expert witness testimony regarding the

Case 2:08-cv-06237-SJO-MRW   Document 492   Filed 10/21/15   Page 11 of 18   Page ID
#:9290

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: **CV 08-06237 SJO (MRWx)**     DATE: **October 21, 2015**

history and development of POM's research program. POM has stated that it "only expects Dr. Liker to provide percipient testimony regarding his first-hand knowledge of POM's research program and the scientific research and studies he directed and coordinated while working at POM." (Second Notice 12.) Finally, POM has represented that Dr. Kessler resides in San Francisco, California and is unavailable to testify at trial and that POM will not offer any testimony from Dr. Kessler at trial, rendering Dr. Liker's testimony more critical. (First Notice 10.)

Accordingly, the Court **GRANTS** POM leave to amend its Rule 26 initial disclosures to include Harley Liker as a rebuttal witness who may offer lay and expert witness testimony on the topic of "[t]he history and development of POM Wonderful's research program." In so ruling, the Court notes that it would be premature to prophylactically limit the scope of Dr. Liker's anticipated expert testimony.

    B.    Expert Disclosures and Expert Reports

        1.    POM's Newly Disclosed Expert Witnesses

POM objects to the Court's exclusion of purportedly "supplemental" experts Gary Maddux and Dr. David Reibstein because (1) the ruling is "inconsistent with the procedural history of this case, which completely changed with the Supreme Court's decision;" and (2) even if it is not inconsistent with the procedural history, less severe sanctions than complete exclusion are warranted. In support of the latter argument, POM cites to *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998), which set forth a five-factor test courts should follow in determining whether to preclude experts due to a failure to comply with Federal Rule of Civil Procedure 26. (Second Notice 13.) In the Reply, POM reiterates its argument in the Second Notice that "[s]imply because POM could have previously offered this testimony does not change the fact that the Court's decision to strike Maddux and Reibstein deprives it of its right to fully and fairly develop additional evidence in its favor and precludes POM from filling in the information gaps created by the departures of POM's employees (Tupper, Leach, Sheppard, and Knight)." (Reply 13.)

Contrary to POM's unsupported assertion that "all of the Keener factors favor greater leniency than has been given," the court finds that **at most** one factor weighs against exclusion, while the remaining factors all weigh in favor of exclusion. (Second Notice 13.) The first and second factors, "the public's interest in expeditious resolution of litigation" and "a court's need to manage its docket," weigh against permitting POM from offering late-disclosed opinions that do not comply with the Court's instructions when it agreed that a limited re-opening of discovery was needed to address the passage of time was needed in this action. Moreover, the third factor, the "risk of prejudice to the defendants," is significant, given Coca-Cola will, at a bare minimum, need to depose these witnesses, review their expert reports, identify and retain rebuttal experts, defend the depositions of these rebuttal experts, and prepare direct and cross-examinations for Gary

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 08-06237 SJO (MRWx)     **DATE:** October 21, 2015

Maddux, Dr. Reibstein, and Coca-Cola's own rebuttal experts.[1] This additional workload that would be imposed on Coca-Cola does not include the very real possibility that Coca-Cola might wish to file *Daubert* motions seeking to exclude all or some of these experts' opinions. Moreover, POM has not pointed to, much less suggested, that any "less dramatic sanction" than wholesale preclusion is available in an instance such as here where two experts were not timely disclosed and intend to offer reports on subjects not permitted under the Court's limited re-opening of discovery. POM has not identified the purported "information gaps" that need to be filled due to the departures of its own employees, nor does it argue how or why Don Striegel's retirement from Coca-Cola and Richard Shen's "unknown" employment status renders these potential witnesses unavailable to testify.[2] Finally, with respect to the fourth factor, "[p]ublic policy favors disposition of cases on their merits, but that policy has a procedural as well as a substantive component." *Keener*, 181 F.R.D. at 642. Here, unlike in *Keener*, neither Gary Maddux nor Dr. Reibstein were properly included in POM's Rule 26 initial disclosures, nor did either individual offer opinions that were properly disclosed. Moreover, POM did not inform the Court of its intent to seek to add fact and expert witnesses related to the Juice's name and label during the March 9, 2015 Status Conference, the Joint Statement and Proposed Scheduling Orders, or any time prior to the filing of the Request. Suffice it to say, POM has failed to demonstrate why the late inclusion of these individuals in POM's Rule 26 initial disclosures is either substantially justified or harmless.

POM also has not provided any reason for its failure to disclose the testimony of these two witnesses beyond its assertion that the Court precluded POM from obtaining their reports in 2009 and 2010. POM overlooks that even under its preferred view of the procedural history of this litigation, POM had more than two months from the date on which the Court expressly stated it could pursue its Lanham Act name and label claims against Coca-Cola—namely, the Second MTD Order—to identify experts and compile expert reports regarding the Juice's name and label. POM's failure to identify experts and compile expert reports regarding the Juice's name and label during the initial discovery phase is even less justified in light of evidence indicating that discovery on this very topic was in fact taken throughout the litigation. Moreover, POM neglects to mention that it never sought an extension of the deadline to exchange expert reports, which it might have done had it found the more than two month period from which it was expressly permitted to pursue its name and label claims insufficient to draft an expert report on the subject. POM's

---

[1] The Court reiterates its finding that to the extent POM intends to use Dr. Reibstein's testimony to rebut the opinions of Coca-Cola's two rebuttal experts, Messrs. Kivetz and Blumberg, such testimony is improper and the Court would not permit the introduction of such sur-rebuttal expert testimony. (Order 12.)

[2] Moreover, POM does not address the possibility that even if Mr. Striegel is unavailable to testify, why his deposition testimony would not be admissible. Nor does POM address the other methods presumably at its disposal for determining the formulation of the Juice, including documentary evidence and the testimony of other witnesses.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 08-06237 SJO (MRWx)       **DATE:** October 21, 2015

characterization of the Order as a "constitutional violation" without any compelling authority does not persuade.

In light of the above, neither Gary Maddux nor Dr. Reibstein may be added to POM's Rule 26 initial disclosures, nor will either witness be permitted to testify at trial.

> 2.  The September 30, 2015 Reports of Jerry Wind and Joseph Anastasi

On September 30, 2015, Yoram (Jerry) Wind and Joseph Anastasi submitted expert reports related to damages (the "Wind Report" and "Supplemental Anastasi Report," respectively). (Decl. Sarah E. Zgliniec in Supp. Coca-Cola Response, Exs. H, J, ECF No. 488.) Coca-Cola asks the Court to strike the Wind Report and Supplemental Anastasi Report for allegedly running afoul of the Order. (Coca-Cola Request 15-21.) POM argues that the Wind Report and Supplemental Anastasi Report comply with the Order "on all fours." (Reply 6-13.)

In the Order, the Court permitted Mr. Wind to "supplement Dr. E. Deborah Jay's ("Dr. Jay") expert report with consumer expectations data and sales figures since the close of expert discovery," but stated that "Mr. Wind cannot offer testimony regarding the misleading nature of the Juice's name, label, or overall packaging." (Order 11-12.) First, the Court notes that consumer expectations and sales data regarding POM's juice products and the Juice will necessarily require some examination of the names, labels, and packaging of the products; to the extent Coca-Cola challenges Mr. Wind's use of factors that touch on both consumer expectations and liability, the Court declines to strike the Wind Report on these grounds. Coca-Cola's second objection to the Wind Report concerns the alleged failure to "supplement" the expert report of Dr. Jay. Specifically, in the Wind Report, Mr. Wind conducted an independent survey from 2007 through 2014 of consumers' expectations and the impact of the Juice on POM's sales, making no apparent mention of Dr. Jay or her expert report. Nevertheless, the Court finds good cause to revisit its prior ruling requiring Mr. Wind's expert testimony to serve as a supplement to the expert report of Dr. Jay, finding that such a ruling would unduly limit POM's affirmative damages case. The Court will permit Mr. Wind to offer a report on consumer expectations during the relevant time period. Requiring Mr. Wind either to use the same methodology as Dr. Jay used in her report or to use a different methodology but "tack on" conclusions from 2010 until 2014 to Dr. Jay's earlier report risks rendering both reports unreliable.

The Court cautions both parties, however, that pursuant to Federal Rule of Evidence 611 and Rule 24b(3)(b) of the Court's Initial Standing Order, the Court will exercise control over the mode and order of examining witnesses and presenting evidence so as to avoid wasting time, and will accordingly preclude the parties from presenting cumulative evidence. *See, e.g.*, Fed. R. Evid. 611(a)(2). As trial is a few months away, however, the Court finds substantial justification in permitting POM to present its case through the expert testimony of Mr. Wind separate and apart from the testimony of Dr. Jay. Any resulting prejudice to Coca-Cola will be minimized by

Case 2:08-cv-06237-SJO-MRW Document 492 Filed 10/21/15 Page 14 of 18 Page ID #:9293

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** CV 08-06237 SJO (MRWx)     **DATE:** October 21, 2015

permitting Coca-Cola to depose and cross-examine Mr. Wind, permitting Coca-Cola to file a motion in limine seeking to preclude Mr. Wind's expert testimony, and permitting Coca-Cola to proffer a rebuttal expert.

Moreover, although the Court did not address in the Order the supplementation of expert reports authored by expert witnesses previously disclosed in the Rule 26 initial disclosures in the Order, the Court did re-iterate its earlier statement that it would entertain "supplemental expert reports limited to damages." (Order 9.) The Supplemental Anastasi Report by its terms "provides for an update to" his initial expert report, and "addresses [his] analysis of various financial factors that have transpired during the approximate six-year period of time that has elapsed" since his initial report was submitted. (Diaz Decl., Ex. 6 at 1.) To the extent Coca-Cola argues that Mr. Anastasi's initial report relied on erroneous premises and should have been stricken, such an argument goes to the admissibility of his opinions will be heard at a later date. To the extent Coca-Cola argues that the Supplemental Anastasi Report's use of actual sales data and other information is not a true "supplement" to his initial report because his initial report relied on sales **projections**, such an argument overlooks that the Supplemental Anastasi Report appears to utilize the same methods of calculating "but for" sales and the same linear regression analysis used in the initial report, but with actual data instead of forecasts. (*See generally* Diaz Decl., Ex. 6.) Mr. Anastasi's utilization of data in lieu of projections will assist the trier of fact, and the Court declines to adopt such a narrow reading of the word "supplement." Accordingly, the court will not strike the Supplemental Anastasi Report for POM's alleged failure to comply with the Court's limited reopening of discovery.

       3.     <u>Whether the Date for Exchanging of Rebuttal Reports Should Be Extended</u>

In its Response, Coca-Cola requests that because the Court indicated in the Order that it would "extend the fact discovery cutoff date" in the event any new fact witnesses who have not yet been deposed are permitted to testify at trial, "Coca-Cola should have the opportunity to conduct these seven depositions before its expert rebuttals—currently due on October 31, 2015—are provided to POM." (Coca-Cola Response 21.) Such an extension is necessary, according to Coca-Cola, because "[t]he testimony of POM's new fact witnesses may bear directly on Coca-Cola's experts' rebuttal arguments." (Coca-Cola Response 21.) Coca-Cola likewise requests "an extension of the other pretrial dates" given the numerous fact depositions that remain to be scheduled and "Coca-Cola's experts' need to examine this new fact testimony before settling on their rebuttal opinions." (Coca-Cola Response 22.) In particular, Coca-Cola requests the following extensions:

///
///
///

| Event | Scheduled Date | Proposed Date |
| --- | --- | --- |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: <u>CV 08-06237 SJO (MRWx)</u>　　　DATE: <u>October 21, 2015</u>

| Close of Fact Discovery | August 31, 2015 | December 4, 2015 |
| Exchange of Rebuttal Expert Reports | October 31, 2015 | December 18, 2015 |
| Expert Discovery Cutoff | November 30, 2015 | January 15, 2016 |
| Last Day to File Dispositive Motions | December 2, 2015 | January 20, 2016 |
| Motion Hearing Cutoff Date | January 6, 2016 | February 24, 2016 |
| Pre-Trial Conference | February 16, 2016 | April 5, 2016 |
| Jury Trial | March 1, 2016 | April 19, 2016 |

(Coca-Cola Request 22.)

POM responds that "there is no relationship between the remaining fact witnesses and the expert opinions in this case," and that the only POM witness referred to in either the Wind Report or the Supplemental Anastasi Report is Mike Stokes, whose deposition has already been taken. (Reply 17.) POM thus requests that **none** of the currently calendared pre-trial and trial dates be altered.

The Court has reviewed the subjects about which each newly disclosed fact witness might proffer testimony, and agrees with Defendant that a fact witness yet to be deposed may have information relevant to their experts rebuttal opinions of the Wind Report and Supplemental Anastasi Report. In particular, Adam Cooper, who POM seeks to proffer on the subjects of POM's market presence, position, and competition, as well as POM's sales, Coca-Cola's sales, and the impact of Coca-Cola's sales on POM's sales, clearly has discoverable information concerning topics covered in both the Wind Report and the Supplemental Anastasi Report and which might be relevant to Coca-Cola's rebuttal expert report(s). (Am. Disclosures 6.) Looking at the Amended Disclosures, however, it does not appear as though any other witnesses yet to be deposed would have information relevant to Coca-Cola's rebuttal expert report(s).

The Court will attempt to accommodate Coca-Cola's interest in permitting their rebuttal experts to respond with full information with POM's interest in not giving Coca-Cola's rebuttal experts an undue amount of time to respond. Accordingly, the Court **ORDERS** POM to make Adam Cooper available for deposition by no later than Wednesday, November 4. The remaining pre-trial and trial dates will be amended as follows:

///

| Exchange of Rebuttal Expert Reports | October 31, 2015 | November 14, 2015 |
| Expert Discovery Cutoff | November 30, 2015 | December 14, 2015 |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>CV 08-06237 SJO (MRWx)</u>    **DATE:** <u>October 21, 2015</u>

| Last Day to File Summary Judgment Motions | December 2, 2015 | December 16, 2015 |
| Motion Hearing Cutoff Date | January 6, 2016 | January 20, 2016 |
| Pre-Trial Conference | February 16, 2016 | March 1, 2016 |
| Jury Trial | March 1, 2016 | March 15, 2016 |

    D.    <u>Coca-Cola's Refusal to Produce Michael St. John for Deposition</u>

POM objects to the Court's ruling that "Mr. Saint John does not need to appear for deposition, and sanctions against Coca-Cola are not warranted" because "it would have been impossible for POM to depose Michael St. John in 2009 regarding events taking place at Coca-Cola between 2010 and the present," including Coca-Cola's decision to pull the Juice off the market and the possibility that Coca-Cola might re-introduce the Juice. (Order 13; Second Notice 14.)

Coca-Cola responds that although Mr. St. John "was the individual who, at the launch of the [Juice], initially decided to assume the risk" concerning the Juice's label, POM has this information since the outset of discovery yet chose not to depose Mr. St. John in 2009 when fact discovery was initially open. (Coca-Cola Response 14.) Moreover, Coca-Cola has already designated a corporate representative, Ashley Schmidt-Gordon, as its Rule 30(b)(6) representative on the topics of the removal and possible re-introduction of the Juice, and Ms. Schmidt-Gordon was deposed on August 25, 2015. (Coca-Cola Response 15.) Given POM has already obtained the information it desired, and given "Coca-Cola does not seek to have Mr. St. John testify about these issues at trial," there is "nothing further for POM to ask Mr. St. John." (Coca-Cola Response 15.)

In its Reply, POM takes umbrage with Coca-Cola's position, and argues that it "as a matter of right, should absolutely be permitted to depose Mr. St. John on relevant events that transpired since discovery was last open, at the very least." (Reply 13-14.) POM points to Coca-Cola's conduct regarding POM's witnesses as a basis for compelling his deposition. (Reply 14.) In response to Coca-Cola's arguments regarding Ms. Schmidt-Gordon, POM argues that her deposition is "irrelevant to the fact that POM timely noticed the deposition of Mr. St. John," and that even if her deposition were relevant, she did not know "(1) the individuals at Coca-Cola who actually participated in the decision to take the product off the market and why it was taken off the market, or; (2) how long it might take to put the product back on the market if Coca-Cola wanted to relaunch it." (Reply 15.)

"Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, '[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including forbidding a deposition, or limiting its scope." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 262 (N.D. Cal. 2012) (citing Fed. R. Civ. P. 26(c)(1)). "When a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), courts have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: **CV 08-06237 SJO (MRWx)**      DATE: **October 21, 2015**

'observed that such discovery creates a tremendous potential for abuse or harassment.'" *Id.* at 263 (citing *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05–4374 MMC, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007)). "The court therefore has discretion to limit discovery where the discovery sought 'can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *Id.* However, "[w]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *WebSideStory, Inc. v. NetRatings, Inc.*, No. CV 06-408 WQH, 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007).

Here, POM has persuasively argued that Mr. St. John is likely to have discoverable information relating to the period after the close of discovery, including information relating to damages. In particular, the Court agrees that Mr. St. John is likely to have discoverable information relating to Coca-Cola's decision to pull the Juice off the market and the possibility that Coca-Cola might re-introduce the Juice. Although Coca-Cola designated a corporate representative to testify as to these topics, POM maintains that Ms. Schmidt-Gordon's deposition testimony reveals that she did know the individuals at Coca-Cola who actually participated in the decision to take the Juice off the market or why it was taken off the market, nor did she know how long it might take to reintroduce the Juice if Coca-Cola decided to relaunch it. (Reply 15 (citing Diaz Decl., Ex. 14 at 22:22-23:7, 24:9-17,39:25-41:17).) Although the Court has not been provided with an unredacted copy of Ms. Schmidt-Gordon's deposition transcript and consequently cannot determine whether Ms. Schmidt-Gordon was indeed unprepared to testify about these topics, the Court finds that Mr. St. John more likely than not has "personal information" relating to topics squarely at issue in this litigation that a corporate representative would be unlikely to know. The fact that Coca-Cola has already taken the deposition of Dominic Engels, the President of POM Wonderful, and will take the deposition of a number of other high-ranking employees at POM, including POM's Vice President of Clinical Development, Director of Research and Development, and Vice President of Marketing, mitigates against the possibility that POM is seeking to depose Mr. St. John purely to harass, annoy, or embarrass Mr. St. John or otherwise cause Coca-Cola to face an "undue" burden or expense. Accordingly, Coca-Cola is **ORDERED** to make Michael St. John available for deposition before December 4, 2015.

///
///
///
///

III.     RULING

For the foregoing reasons, the Court **GRANTS** POM leave to amend its Rule 26 initial disclosure to include Dominic Engels, Ari Mackler, Adam Cooper, Mike Stokes, Stacey Lee, and Harley Liker, consistent with the limitations described above, unless otherwise agreed to by the parties. With the exception of Dominic Engels and Adam Cooper, POM is **ORDERED** to make each of these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: **CV 08-06237 SJO (MRWx)**        DATE: **October 21, 2015**

witnesses available for deposition by Coca-Cola before December 4, 2015.  Coca-Cola is likewise **ORDERED** to make Michael St. John available for deposition by POM before December 4, 2015.  POM is **ORDERED** to make Adam Cooper available for deposition by Coca-Cola before November 4, 2015.   No other witnesses may be added to POM's Rule 26 initial disclosures, nor will any other witnesses not included in POM's Rule 26 initial disclosures be permitted to testify at trial.

Moreover, because these discovery disputes have taken longer than anticipated, the Court vacates the Scheduling Order issued on May 21, 2015 and sets the following new schedule:

- Last day for fact witness depositions – December 4, 2015
- Rebuttal expert reports – November 14, 2015
- Expert discovery cutoff – December 14, 2015
- Last Day to File Summary Judgment Motions – December 16, 2015
- Motion Hearing Cutoff – Wednesday, January 20, 2016 @ 10:00 a.m.
- Pretrial deadlines – including filing motions in limine, memoranda of contentions of fact and law, joint witness lists, exhibit lists, final pretrial conference order – Set by the Central District Local Rules and the Court's standing civil order.
- Pretrial Conference – Tuesday, March 1, 2016 @ 9:00 a.m.
- Jury Trial – Tuesday, March 15, 2016 @ 9:00 a.m.

IT IS SO ORDERED.