FORREST A. HAINLINE, III (SBN 64166)
fhainline@goodwinprocter.com
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, CA  94111
Telephone:  (415) 733-6065
Facsimile:   (415) 677-9041

KRISTINA M. DIAZ (SBN 151566)
kristina.diaz@roll.com
MATTHEW D. MORAN (SBN 197075)
matthew.moran@roll.com
BROOKE S. HAMMOND (SBN 264305)
brooke.hammond@roll.com
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557
Telephone:  (310) 966-8400
Facsimile:   (310) 966-8810

Attorneys for Plaintiff
POM WONDERFUL LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability corporation,<br><br>                 Plaintiff,<br><br>        vs.<br><br>THE COCA COLA COMPANY, a Delaware corporation; and DOES 1 through 100,<br><br>                 Defendant. | Case No. CV08-06237 SJO (MJWx)<br><br>Hon. S. James Otero<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DEFENDANT'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Statement of Uncontroverted Facts and Conclusions of Law and Declaration of and Brooke S. Hammond filed concurrently; [Proposed] Order lodged concurrently]<br><br>Judge:   Hon. S. James Otero<br>Date:    January 19, 2016<br>Time:    10:00 a.m.<br>Place:   Courtroom 1 — 2nd Floor<br>              312 N. Spring Street |

{2493404.13}

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE** that on January 19, 2016, at 10:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 1 – 2nd Floor of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California, before the Honorable S. James Otero, United States District Judge, Plaintiff POM Wonderful LLC ("POM") will and hereby does move pursuant to Fed. R. Civ. P. 56 for partial summary judgment on Defendant The Coca-Cola Company's ("Coca-Cola") Thirty-Fourth Affirmative Defense (Unclean Hands), as alleged in Coca-Cola's Answer to the First Amended Complaint with respect to that aspect of the defense based on POM's health claim advertising and alleged misrepresentations that its juices are not from concentrate.  [Dkt. No. 70].

     This Motion is made on the grounds that Coca-Cola cannot raise a genuine issue of material fact sufficient for a trial on these unclean hands defenses, and POM is entitled to partial summary judgment as a matter of law, on the following grounds:

(1)    **<u>On the Issue of POM's Alleged Health Claim Advertising</u>**

     Partial summary judgment should be granted in favor of POM to strike and/or preclude application of Coca-Cola's unclean hands defense that POM's health claim advertising is "not supported by any substantial scientific evidence" because:

    (a)    As a matter of law, the issue of POM's health claim advertising does not "directly relate" to the immediate controversy at issue, i.e., whether Coca-Cola deceives consumers into believing its pomegranate blueberry juice product primarily contains pomegranate and blueberry juice and/or that there are significant amounts of pomegranate and blueberry juice in its product;

(b)   As a matter of law, Coca-Coca cannot meet its burden to raise a triable issue that POM's health benefit advertising was literally false or misleading under the Lanham Act (and under its unclean hands defense), including based on a "lack of substantiation" standard, which is only available under the Federal Trade Commission Act (or similar statutes) and reserved exclusively for the government and prosecuting authorities, not private litigants; and

(c)   Coca-Cola cannot raise a triable issue, including under the heightened evidentiary standards for unclean hands defenses, which require a showing of clear and convincing evidence to defeat summary judgment, that POM's alleged health claims advertising is: (i) affirmatively false or misleading; and (ii) sufficiently egregious to support the application of unclean hands.

(2)   **On the Issue of POM's Alleged Misrepresentations Regarding "From Concentrate" In Its Advertising**

Partial summary judgment should be granted in favor of POM to strike and/or preclude application of Coca-Cola's unclean hands defense based on the allegation that POM misleads consumers into believing its juices are not "from concentrate":

(a)   As a matter of law, the issue of how POM manufactures and advertises its juice, whether as "freshly squeezed" or "from concentrate," is not "directly related" to the immediate controversy at issue, i.e., whether Coca-Cola deceives consumers into believing its pomegranate blueberry juice product primarily contains pomegranate and blueberry juice and/or that there are

1  significant amounts of pomegranate and blueberry juice in its

2  product;

3      (b)    Coca-Cola cannot raise a triable issue, including under the

4  heightened evidentiary standards for unclean hands defenses,

5  which require a showing of clear and convincing evidence to

6  defeat summary judgment, that POM's representations regarding

7  the nature of its juice products ("fresh squeezed" or not "from

8  concentrate") are: (i) false or misleading; and (ii) sufficiently

9  egregious to support the application of unclean hands.

10  (3)    Regardless, as a matter of law, public policy precludes the application

11  of Coca-Cola's unclean hands defense when weighed against Coca-

12  Cola's alleged misconduct in this case.

13      This Motion is supported by this notice of motion and motion, the attached

14  memorandum of points and authorities, the concurrently filed Declaration of Brooke

15  S. Hammond, the concurrently filed Statement of Uncontroverted Facts and

16  Conclusions of Law, the [Proposed] Order lodged herewith, such additional

17  evidence and argument as may be presented at the hearing on this Motion, all of the

18  pleadings, files and records in this proceeding, and such other evidence as may later

19  be submitted.

20      The Motion is made following the conference of counsel pursuant to L.R. 7-3,

21  which took place on November 2, 2015.

22

23  DATED:  December 1, 2015        ROLL LAW GROUP PC

24

25              By:      /s/ Kristina M. Diaz

26                  Kristina M. Diaz

27                  Attorneys for Plaintiff

                POM WONDERFUL LLC

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
DEFENDANT'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS**

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     FACTUAL BACKGROUND ..................................................................... 4

    A.      The False And Misleading Packaging For Coca-Cola's
          Pomegranate Blueberry Juice ........................................................ 4

    B.      The Allegations Of Coca-Cola's Unclean Hands Defense ................... 5

III.    APPLICABLE LEGAL STANDARDS .......................................... 6

    A.      Legal Standard For Summary Judgment ............................. 6

          B.      Legal Standard For Raising A Triable Issue On The
               Defense Of Unclean Hands Is A Direct Relationship To
               Plaintiff's Claims, And "Clear and Convincing" Evidence
               Of Egregiousness Misconduct ....................................................... 7

          C.      The "Egregious" Standard Weighs Heavily Against Coca-
               Cola ............................................................................................. 8

IV.    COCA-COLA CANNOT RAISE A TRIABLE ISSUE IN SUPPORT
      OF ITS UNCLEAN HANDS DEFENSE REGARDING POM'S
      HEALTH CLAIMS ................................................................................... 9

    A.      Coca-Cola's Health Claims Defense Does Not Directly Relate
          To POM's Claims ......................................................................... 9

    B.      Coca-Cola Lacks Clear and Convincing Evidence Of Egregious
          Misconduct In Connection With POM's Health Claim
          Advertising ................................................................................. 10

          1.      As A Matter Of Law, Coca-Coca Cannot Avail Itself To A
               Lack Of Substantiation Theory To Prove Falsity Or
               Deception Under The Lanham Act............................................. 12

          2.      Coca-Cola Lacks Any Admissible Evidence To
               Demonstrate That POM's Health Claim Advertising Is
               Literally False Or Misleading Under The Lanham Act.............. 14

V.     COCA-COLA CANNOT RAISE A TRIABLE ISSUE IN SUPPORT
      OF ITS "FROM CONCENTRATE" UNCLEAN HANDS DEFENSE......... 15

    A.      The Issue Of Whether POM's Juice Is From Concentrate Has No
          Immediate Or Direct Relation To Coca-Cola's Alleged False
          Advertising Of Its Products' Pomegranate And Blueberry
          Content ....................................................................................... 15

    B.      Coca-Cola's Argument That POM Misleads Consumers To
          Believe Its Juices Are Not From "From Concentrate" Fails ............... 16

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
DEFENDANT'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS**

VI.    APPLYING THE UNCLEAN HANDS DEFENSE WOULD
       CONTRAVENE SOUND PUBLIC POLICY IN FAVOR OF
       PROTECTING THE PUBLIC AND COMPETITORS .................................. 16

VII.   CONCLUSION ............................................................................. 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4
5
Ames Pub. Co. v. Walker-Davis Publications, Inc.
    372 F. Supp. 1 (D.C. Pa. 1974) ...................................................................17

6
Anderson v. Liberty Lobby, Inc.
    477 US 242 (1986) .....................................................................................7

7
8
Bronson v. Johnson & Johnson, Inc.
    2013 WL 162191 (N.D. Cal. April 16, 2013) .........................................3,4

9
Caltex Plastics, Inc. v. Shannon Packaging Co.
    2015 WL 3407889 (C.D. Cal. May 27, 2015) .........................................13

10
11
Campagnolo S.R.L. v. Full Speed Ahead, Inc.
    258 F.R.D. 663 (W.D. Wash. 2009)............................................................9

12
Celotex Corp. v. Catrett
    477 US 317 (1986) .....................................................................................6

13
14
Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City
    383 F.3d 110 (3d Cir. 2004)...................................................................8, 9

15
Coca-Cola Co. v. Overland, Inc.
    692 F.2d 1250 (9th Cir. 1982) ..................................................................11

16
Coleman v. ESPN, Inc.
    764 F. Supp. 290 (S.D.N.Y. 1991).............................................................11

17
18
Fraker v. Bayer Corp.
    2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) .......................................4, 12, 13

19
20
Fuddruckers, Inc. v. Doc's B.R. Others, Inc.
    826 F.2d 837 (9th Cir. 1987)...............................................................2, 8, 9

21
Hutchison v. Pfeil
    105 F.3d 562 (10th Cir. 1997) ...................................................................6

22
23
In re First Alliance Mortg. Co.
    471 F3d 977 (9th Cir. 2006).......................................................................7

24
In re Pfizer Inc.
    81 F.T.C. 23 (1972) .................................................................................13

25
26
In re Thompson Med. Co.
    104 F.T.C. 648 (1984) .............................................................................13

27
Jarrow Formulas, Inc. v. Nutrition Now, Inc.
    304 F.3d 829 (9th Cir. 2002).....................................................................13

28

{2493404.13}

iii

Johns v. Bayer
    WL 1498965 (S.D. Cal. April 10, 2013)..........................................................4

Johnson v. Yellow Cab Transit Co.
    321 U.S. 383, 64 S.Ct. 622 (1944). .............................................................17

National Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.
    107 Cal.App.4th 1336 (2003).................................................................3, 4

Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.
    210 F3d 1099 (9th Cir. 2000)......................................................................6

O'Toole v. Northrop Grumman Corp.
    305 F.3d 1222 (10th Cir. 2002)...................................................................6

Perfumebay.com, Inc. v. eBay, Inc.
    506 F.3d 1165 (9th Cir. 2007)...................................................................13

Pfizer, Inc. v. International Rectifier Corp.
    685 F.2d 357 (9th Cir. 1982)......................................................................8

POM Wonderful LLC v. Coca-Cola Co.
    134 S. Ct. 2228, 189 L. Ed. 2d 141 (2014) ....................................................5

Pom Wonderful LLC v. Federal Trade Commission
    777 F.3d 478 (D.C. Cir. 2015) .................................................................11

Pom Wonderful LLC v. Welch Foods, Inc.
    737 F. Supp. 2d 1105 (C.D. Cal. 2010)...............................................passim

Procter & Gamble Co. v. Chesebrough–Pond's Inc.
    747 F.2d 114 (2d Cir. 1984)....................................................................14

Removatron Int'l Corp.
    111 F.T.C. 206 (1988).........................................................................3,13

Republic Molding Corp. v. B.W. Photo Utilities
    319 F.2d 347 (9th Cir. 1963)...................................................................3, 9

Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.
    2008 WL 6873811 (C.D. Cal. Jan. 3, 2008) ...................................................3

S & R Corp. v. Jiffy Lube Int'l, Inc.
    968 F.2d 371 (3d. Cir. 1992)......................................................................8

Sanofi–Aventis v. Advancis Pharm. Corp.
    453 F. Supp. 2d 834 (D. Del. 2006) .............................................................8

Schneider v. TRW, Inc.
    938 F2d 986 (9th Cir. 1991)......................................................................6

Southern California Gas Co. v. City of Santa Ana
    336 F.3d 885 (9th Cir. 2003).....................................................................7

{2493404.13}

iv

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
DEFENDANT'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS**

Southland Sod Farms v. Stover Seed Co.
       108 F.3d 1134 (1997) ...........................................................................13

Specialty Minerals, Inc. v. Pluess-Staufer AG
       395 F. Supp. 2d 109 (S.D.N.Y. 2005) ................................................9

TrafficSchool.com, Inc. v. Edriver Inc.
       653 F.3d 820 (9th Cir. 2011) .........................................................2, 17

Tube Forgings of America, Inc. v. Weldbend Corp.
       788 F. Supp. 1150 (D. Or. 1992) ....................................................3, 7

U-Haul Int'l, Inc. v. Jartran, Inc.
       522 F. Supp. 1238 (D.C. Ariz. 1981), aff'd, 681 F.2d 1159 (9th Cir.
       1982) ..............................................................................................2, 7,14

## FEDERAL STATUTES

15 U.S.C. §1125(a) ..........................................................................................5

## OTHER AUTHORITIES

104 F.T.C. 839 (1984) ...................................................................................13

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
       §2737 (3rd ed. 2002) .......................................................................6

## RULES

Fed. R. Civ. Proc. 56(a) ..................................................................................6

Fed. R. Civ. Proc. 56(e) ................................................................................11

## TREATISES

6 McCarthy on Trademarks & Unfair Competition § 31:53 ....................17

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
DEFENDANT'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In its Thirty-Fourth Affirmative Defense, Defendant The Coca-Cola Company ("Coca-Cola") seeks application of the equitable defense of unclean hands to escape liability for its own misconduct (i.e. falsely advertising that its Minute Maid® pomegranate blueberry 100% juice blend ("Pomegranate Blueberry Juice") primarily contains pomegranate and blueberry juice when it only contains less than 1% of these juices) by accusing Plaintiff POM Wonderful LLC ("POM") of also falsely advertising its own juice products.  Specifically, Coca-Cola alleges that POM: (1) gave the false impression that its juices were "fresh-squeezed" and not "from concentrate" and (2) made "health claims" about its pomegranate products that were allegedly "not supported by substantial scientific evidence."  See Answer at pp. 12:21-13:10 [Dkt. No. 70].

In asserting these defenses, Coca-Cola is trying to accomplish at least two things for trial of this matter: the admission into evidence of irrelevant but highly prejudicial matters relating to POM's ongoing dispute with the Federal Trade Commission ("FTC"), as well as some pathway to subsume this trial against Coca-Cola with a trial on POM's health advertising.[1]

Regardless of Coca-Cola's obvious motives, the Court can and should grant partial summary judgment in favor of POM and preclude Coca-Cola from presenting evidence on these unclean hands defenses on several grounds, each of which are independently sufficient to warrant summary judgment.

First, and most obvious, the purported misconduct cited by Coca-Cola is not "directly related" to the conduct at issue in this matter and as asserted in POM's First Amended Complaint ("FAC").  POM neither alleges that: (1) Coca-Cola misrepresents the health benefits of its Pomegranate Blueberry Juice, nor; (2)

---

[1] Coca-Cola's allegation about "from concentrate" also targets POM's advertising.

1

1  misleads consumers into believing that its product is "fresh-squeezed" and not

2  "from concentrate."  The alleged wrongdoings relied upon by Coca-Cola do not in

3  any way relate, let alone "directly relate," to the central issue of dispute in this case-

4  - the actual content or amount of pomegranate or blueberry juice in Coca-Cola's

5  competing product. That direct relationship between any unclean hands defense and

6  the plaintiff's underlying claims, however, is required and is not present here.  See,

7  e.g., Pom Wonderful LLC v. Welch Foods, Inc., 737 F. Supp. 2d 1105, 1113 (C.D.

8  Cal. 2010) (rejecting unclean hands defense in false advertising case where

9  defendant claimed plaintiff's product was "from concentrate" and not "fresh

10  squeezed" because such conduct did not directly relate to dispute regarding amount

11  of pomegranate juice in product at issue); Fuddruckers, Inc. v. Doc's B.R. Others,

12  Inc., 826 F.2d 837, 847 (9th Cir. 1987) (rejecting unclean hands defense in trade

13  dress claim against copycat restaurant where defendant claimed plaintiff falsely

14  described its hamburger meat as "ground steak").

15        Second, even assuming Coca-Cola's allegations are sufficiently related to

16  POM's claims, which they are not, Coca-Cola certainly cannot satisfy the

17  heightened legal standard for the application of any unclean hands defense, i.e.

18  because **the defense is very disfavored.**  In fact, **"courts are reluctant to apply the**

19  **unclean hands doctrine in all but the most egregious situations.**"  U-Haul Int'l,

20  Inc. v. Jartran, Inc., 522 F. Supp. 1238, 1255 (D.C. Ariz. 1981), aff'd, 681 F.2d

21  1159 (9th Cir. 1982).

22        Thus, to avoid summary judgment, Coca-Cola must demonstrate with "clear,

23  convincing evidence" that POM's conduct was not only inequitable and directly

24  related to POM's claim against Coca-Cola, but egregious as well.[2]  Coca-Cola,

25
26  [2] TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 834 (9th Cir. 2011); accord
27  Pfizer, Inc. v. International Rectifier Corp., 685 F.2d 357, 369 (9th Cir. 1982) ("only
   a showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by
28  clear and convincing evidence, will establish sufficient culpability for invocation of

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DEFENDANT'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS**

1   however, has no clear and convincing evidence sufficient to raise a triable issue that

2   POM engaged in any misconduct or that its advertising was untrue, deceptive (or

3   inequitable), and sufficiently "egregious" (severe and harmful to consumers, to

4   Coca-Cola, etc) to warrant the application of the unclean hands defense.[3]

5        Nor can Coca-Cola satisfy its heavy burden in opposing this Motion by

6   relying on the FTC's "lack of substantiation" legal standard, which allows the FTC,

7   but not private plaintiffs, to measure the "sufficiency" of the science behind a given

8   health claim.  While both the government and private plaintiffs may each bring

9   actions for false or misleading advertising, only prosecuting authorities (unlike

10   private plaintiffs) have the power to challenge a health claim based on the

11   "sufficiency" of the science (by quality or amount, for example) to support a given

12   claim.[4]  Thus, to meet its burden as a private plaintiff (and especially so given the

_____

13

14   the doctrine of unclean hands."); Welch Foods, 737 F. Supp. 2d at 1113 (defendant

15   required to submit "clear and convincing" evidence to prevail on unclean hands
     defense on summary judgment); Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,

16   2008 WL 6873811, at *5 (C.D. Cal. Jan. 3, 2008) (same); Tube Forgings of
     America, Inc. v. Weldbend Corp., 788 F. Supp. 1150, 1153 (D. Or. 1992) (summary

17   judgment granted against defendant's unclean hands defense where defendant failed
     to come forward with "clear and convincing" evidence of plaintiff's misconduct).

18   [3] In Welch Foods, on facts almost identical to these, the Court held that

19   Welch's failure to demonstrate the existence or extent of harm caused

20   by POM's deception precludes a finding that it would be inequitable for POM to
     proceed on its claims.  737 F. Supp. 2d at 1113.  Citing the Ninth Circuit, the Court

21   explained, " [T]he extent of actual harm caused by the conduct in question, either to
     the defendant or to the public interest, is a highly relevant consideration [in applying

22   the unclean hands defense].  Id. (citing Republic Molding Corp. v. B. W. Photo

23   Utilities, 319 F. 2d 347, 349-350 (9th Cir. 1963)).

24   [4] See, e.g., National Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.,

25   107 Cal.App.4th 1336, 1342 (2003) ("Prosecuting authorities, not private plaintiffs,
     have the administrative power to request advertisers to substantiate advertising

26   claims before bringing action for false advertisement[.]")  In contrast, private

27   plaintiffs "have the burden of proving that advertising is actually false or
     misleading." Bronson v. Johnson & Johnson, Inc., 2013 WL 162191, at *8 (N.D.

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
DEFENDANT'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS

1   "egregious" standard), Coca-Cola must show, at a minimum, that POM's health

2   claims are literally false.[5]  But it cannot do so.  That would require, at a minimum,

3   expert opinion that it does not have here, including scientific studies on POM

4   products that purport to affirmatively disprove the claims made.  Indeed, a

5   "substantiation" type analysis on the "character" of the 100 plus studies supporting

6   POM's claims would not only require an extensive mini-trial in this case, but such

7   an analysis would also be entirely irrelevant to this dispute between private parties.

8       Last, Coca-Cola also cannot present clear and convincing evidence in support

9   of its unclean hands defense based on alleged false impressions by POM in its

10  advertising that its juices are not "from concentrate" (again assuming for argument's

11  sake only that such a defense can be "directly related" to POM's claims).  There is

12  no dispute that the "from concentrate" language is on every bottle of POM's juice.

13      For these reasons and those set forth below, POM is entitled to partial

14  summary judgment against Coca-Cola's Thirty-Fourth Affirmative Defense.

15  **II.   FACTUAL BACKGROUND**

16      **A.   The False And Misleading Packaging For Coca-Cola's**
           **Pomegranate Blueberry Juice**
17

18      POM initiated this action against Coca-Cola on September 22, 2008, alleging

19  three causes of action associated with Coca-Cola's sales of the Pomegranate

20  _____

21  Cal. April 16, 2013), citing <u>King Bio,</u> 107 Cal.App.4th at 1344-45.

22  [5] Indeed, private plaintiffs can only meet their burden by adducing affirmative
    evidence of the falsity of an advertising claim. <u>Johns v. Bayer</u>, WL 1498965, at *36
23  (S.D. Cal. April 10, 2013) (granting summary judgment because "in the absence of
    affirmative evidence that scientific research did not support the prostate cancer
24  claim from December 2008 until May 31, 2010, the strength of Bayer's evidence is
    irrelevant and Plaintiffs' claims are based on lack of substantiation rather than proof
25  of falsity."); <u>Fraker v. Bayer Corp.</u>, 2009 WL 5865687, at * 8 (E.D. Cal. Oct. 6,
    2009) (requiring plaintiffs to "adduce evidence sufficient to present to a jury to
26  show that Defendant's advertising claims with respect to the Product are actually
    false; not simply they are not backed up by scientific evidence").
27

28

{2493404.13}                                    4

1  Blueberry Juice: (1) False Advertising under Section 43 of the Lanham Act, 15

2  U.S.C. §1125(a), (2) False Advertising under Section 17500 of California Business

3  and Professions Code, and (3) Statutory Unfair Competition under Sections 17200

4  et. seq. of the California Business and Professions Code.  [Dkt. No. 1].  POM filed

5  its FAC on July 27, 2009, alleging the same three causes of action.  [Dkt. No. 53].

6  　　　The essence of the allegations in the FAC is that the packaging of Coca-

7  Cola's Pomegranate Blueberry Juice is false and misleading.  See FAC, ¶¶ 17-23

8  [Dkt. No. 53].  POM alleges although the name of the product contains the words

9  "pomegranate" and "blueberry" and the label depicts pomegranates and blueberries,

10  the actual product contains virtually no pomegranate or blueberry juices.  Id.

11  Rather, it is comprised of just 0.3% pomegranate juice, 0.2% blueberry juice, with

12  0.1% raspberry juice added.  See POM Wonderful LLC v. Coca-Cola Co., 134 S.

13  Ct. 2228, 2235, 189 L. Ed. 2d 141 (2014).  In direct contrast to Coca-Cola's

14  Pomegranate Blueberry Juice name and label, 99.4% of the product is really apple

15  and grape juices.  Id.

16  　　　**B.**　　　**The Allegations Of Coca-Cola's Unclean Hands Defense**

17  　　　Coca-Cola filed its Answer on September 30, 2009 and asserted an

18  affirmative defense of unclean hands.  See Answer at pp. 12-13 [Dkt. No. 70].  To

19  support its unclean hands defense, Coca-Cola alleges, in part, that POM engaged in

20  the following conduct:

21  　　　　　•　　　POM's name, label, advertisements, website and promotions

22  　　　　　　　　give the false impression that its pomegranate juice products are

23  　　　　　　　　"fresh squeezed" and not "from concentrate";

24

25  　　　　　•　　　POM's advertisements and promotions tout "health claims"

26  　　　　　　　　about its pomegranate juice products that are not supported by

27  　　　　　　　　"substantial scientific evidence" and, thus, POM seeks to

28

{2493404.13}

5

1  capitalize on the fruits of its own misconduct in the form of

2  misleading labeling and advertising.

3  Answer at pp. 12:27-13:7 [Dkt. 70].

4      POM now seeks partial summary judgment as to these aspects of Coca-

5  Cola's unclean hands defense.

6  **III.    APPLICABLE LEGAL STANDARDS**

7      **A.    Legal Standard For Summary Judgment**

8      "Rule 56 provides for summary judgment on particular issues or claims."

9  O'Toole v. Northrop Grumman Corp., 305 F.3d 1222, 1227 (10th Cir. 2002).  The

10  motion can be used to dispose of all *or part* of the opposing party's claims or

11  defenses (so-called "partial summary judgment"). Fed. R. Civ. Proc. 56(a).  For

12  example, partial summary judgment can dispose of claims or defenses having no

13  factual support, as well as those in which the facts are undisputed, or which turn

14  solely on issues of law.  See Schneider v. TRW, Inc., 938 F2d 986, 991 (9th Cir.

15  1991) (claim for relief not recognized by law). "A partial summary (judgment)...

16  seems particularly appropriate" to test affirmative defenses.  Charles Alan Wright &

17  Arthur R. Miller, Federal Practice and Procedure § 2737 (3rd ed. 2002); see also

18  Hutchison v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997).  ("A [party] may use a

19  motion for summary judgment to test an affirmative defense which entitles that

20  party to judgment as a matter of law.") (internal quotations omitted).

21      A moving party on summary judgment may carry its burden either by (1)

22  negating an essential element of the opposing party's claim or defense or (2)

23  showing the opposing party does not have enough evidence of an essential element

24  of its claim or defense to carry its ultimate burden of persuasion at trial.  Nissan Fire

25  & Marine Ins. Co., Ltd. v. Fritz Cos., Inc. 210 F3d 1099, 1102 (9th Cir. 2000);

26  Celotex Corp. v. Catrett, 477 US 317, 325 (1986).

27      Moreover, *where the opposing party's claims are subject to a heightened*

28

1  *evidentiary standard (e.g., "clear and convincing evidence"), the motion may be*

2  *based on lack of evidence meeting this heightened standard*.  <u>Anderson v. Liberty</u>

3  <u>Lobby, Inc.</u>, 477 US 242, 254 (1986) (holding no "genuine issue" exists where the

4  evidence presented in opposing affidavits is "of insufficient caliber or quantity to

5  allow a rational finder of fact to find actual malice by clear and convincing

6  evidence"); <u>In re First Alliance Mortg. Co.</u> 471 F3d 977, 998-999 (9th Cir. 2006)

7  (holding no clear and convincing evidence for punitive damages).

8        **B.**    **Legal Standard For Raising A Triable Issue On The Defense Of Unclean Hands Is A Direct Relationship To Plaintiff's Claims, And**

9                 **"Clear and Convincing" Evidence Of Egregiousness Misconduct**

10        Because the defense is disfavored, "courts are reluctant to apply the unclean

11  hands doctrine in all but the most egregious situations."  <u>U-Haul Int'l</u> , 522 F. Supp.

12  at 1255.  "As the party with the burden of persuasion at trial" on the affirmative

13  defense of unclean hands, Coca-Cola "must establish beyond controversy every

14  essential element of its" claim for relief.  <u>Southern California Gas Co. v. City of</u>

15  <u>Santa Ana</u>, 336 F.3d 885, 888 (9th Cir. 2003).

16        Therefore, to avoid summary judgment on its unclean defense, Coca-Cola

17  must present  "clear, convincing evidence" in support of every element of its claims.

18  <u>Welch Foods, Inc.</u>, 737 F. Supp. 2d at 1113 ("clear and convincing" standard

19  required for unclean hands); <u>Tube Forgings of America, Inc.</u>, 788 F. Supp. at 1153

20  (summary judgment granted against defendant's unclean hands defense where

21  defendant failed to come forward with "clear and convincing" evidence of plaintiff's

22  misconduct and noting general disfavor of defense).

23        Applying these legal principles to the facts here, to raise a "triable issue"

24  sufficient to warrant a trial on its unclean hand defense, Coca- Cola must present

25  clear and convincing evidence of POM's alleged misconduct, its relatedness to

26  POM's claims, *as well as the egregiousness of the alleged misconduct.*  <u>Id</u>. see also

27  <u>Pfizer, Inc.</u>, 685 F.2d at 369 ("We have stated that only a showing of wrongfulness,

28

{2493404.13}

1    willfulness, bad faith, or gross negligence, proved by clear and convincing evidence,

2    will establish sufficient culpability for invocation of the doctrine of unclean

3    hands."); Fuddruckers, 826 F.2d at 847.

4         **C.**      **The "Egregious" Standard Weighs Heavily Against Coca-Cola**

5         Coca-Cola's burden of proof is high. A defendant asserting an unclean hands

6    defense must introduce "clear, convincing evidence of egregious

7    misconduct." Citizens Fin. Group, Inc. v. Citizens Nat. Bank of Evans City, 383

8    F.3d 110, 129 (3d Cir. 2004) (internal quotations omitted). "Egregious misconduct"

9    can take the form of "fraud, unconscionability, or bad faith on the part of the

10    plaintiff." S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 377 n. 7 (3d. Cir.

11    1992); Sanofi–Aventis v. Advancis Pharm. Corp., 453 F. Supp. 2d 834, 856–857 (D.

12    Del. 2006) (rejecting the "unclean hands" defense and holding that although

13    defendant put forth some evidence that plaintiffs may have had a competitive

14    purpose in filing the action, "clear, convincing and unequivocal evidence" of

15    "egregious" conduct was lacking).

16         Coca-Cola must make some showing of actual harm. In addition, Coca-

17    Cola's failure to demonstrate the existence or extent of harm caused by POM's

18    deception precludes a finding that it would be inequitable for POM to proceed on its

19    claims. As the Ninth Circuit has explained,

20         [T]he extent of actual harm caused by the conduct in question, either to

21         the defendant or to the public interest, is a highly relevant consideration

22         [in applying the unclean hands defense] [citation omitted]. In patent

23         cases a patent owner who has misused his patents in a manner contrary

24         to the public interest is not denied relief in enforcing his patent rights if

25         he can demonstrate that the consequences of misuses have been

26         dissipated or 'purged.' [citation omitted] In trade-mark cases

27         involving 'unclean hands' as a defense 'the courts will carefully weigh

28

{2493404.13}

8

1    whether the representation actually leads to deception ***' [citation

2    omitted].

3    Republic Molding Corp., 319 F.2d, at 349-350; accord Citizens Fin. Group,

4    Inc., 383 F.3d at 129.

**IV.   COCA-COLA CANNOT RAISE A TRIABLE ISSUE IN SUPPORT OF ITS UNCLEAN HANDS DEFENSE REGARDING POM'S HEALTH CLAIMS**

**A.   Coca-Cola's Health Claims Defense Does Not Directly Relate To POM's Claims**

9    To establish an unclean hands defense, the alleged conduct must "directly

10   relate" or be in "immediate and necessary relation" to the alleged misconduct for

11   which plaintiff seeks relief.  Welch Foods, 737 F. Supp. 2d at 1111; Fuddruckers,

12   826 F.2d at 847; Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F. Supp. 2d 109,

13   112-13 (S.D.N.Y. 2005) (rejecting unclean hands defense in patent infringement

14   case where alleged conduct involved different patent at issue and was not directly

15   related to plaintiff's use or acquisition of the patent); Campagnolo S.R.L. v. Full

16   Speed Ahead, Inc., 258 F.R.D. 663, 666 (W.D. Wash. 2009) (rejecting unclean

17   hands defense in false advertising case where defendant's claim that plaintiff

18   misrepresented the weight of its own cranksets did not directly relate to plaintiff's

19   allegations that defendant misrepresented the weight of  plaintiff's cranksets in

20   advertising).

21   To assert a viable unclean hands defense, it is not enough for the conduct just

22   to be factually similar.  Welch Foods, 737 F. Supp. 2d at 1110.  In Welch Foods, a

23   case involving nearly identical Lanham Act claims by POM against another

24   competitor, the defendant sought to assert an unclean hands defense by arguing that

25   POM deceived consumers by: (1) as asserted here, obscuring the term "from

26   concentrate" on bottles and in its advertising; (2) failing to disclose water as an

27   ingredient in its juice; and (3) similar to here, suggesting POM's juice was "fresh

28

{2493404.13}                                      9

1   squeezed" from "tree to bottle" without any manufacturing steps.  Id. at 1010-1011.

2   The Court, however, rejected defendant's unclean defense as to these claims finding

3   them too "broad" and "not directly related to Pom's claims that Welch misleads

4   consumers into believing that its juice blend contains more pomegranate juice than it

5   actually does by including the word "pomegranate" in the name and prominently

6   depicting a pomegranate in the label."  Id. at 1011.

7       Coca-Cola's assertion that "Plaintiff's health claims are not supported by any

8   substantial scientific evidence" do not even come close to the type of conduct POM

9   complains of, i.e. the lack of pomegranate and blueberry juice in Coca-Cola's

10  product or any misrepresentation regarding the amount of any particular component

11  or ingredient.  Compare FAC, ¶¶ 17-23 [Dkt. No. 53] with Answer at p. 13:6-7 [Dkt.

12  No. 70].  Instead, as discussed below, Coca-Cola's alleged "wrongs" or "consumer

13  deception" committed by POM are, as in Welch Foods, "premised on a different

14  deception, different factual allegations, and different types of advertisements."

15  Welch Foods, 737 F. Supp. 2d at 1111.

16      At best, Coca-Cola's allegations regarding POM's health claim advertising

17  relate only to the nutritional value or benefits of POM's juice, not the actual content

18  of the juice, the predominant juices (pomegranate and blueberry) constituting the

19  product or any other ingredients present in the juice.  Moreover, in the FAC, POM

20  does not challenge as part of its case any of Coca-Cola's advertising that suggests

21  that Coca-Cola's Pomegranate Blueberry Juice provides certain health benefits.  See

22  [Dkt. No. 53].  Coca-Cola's effort to apply the unclean hands defense based on

23  POM's health claims advertising is nothing more than a red herring and cannot, as a

24  matter of law, serve as the basis for Coca-Cola's application of unclean hands.

25

26      **B.   Coca-Cola Lacks Clear and Convincing Evidence Of Egregious Misconduct In Connection With POM's Health Claim Advertising**

27      Even assuming this unclean hands defense is "directly related" (and it is not),

28

1   POM is also entitled to partial summary judgment because Coca-Cola lacks clear

2   and convincing evidence of egregious misconduct to support its affirmative defense

3   of unclean hands based on POM's health advertising.  On summary judgment, POM

4   need only point out "that there is an absence of evidence to support the nonmoving

5   party's case."  Celotex Corp., 477 U.S. at 325.  Coca-Cola, as the non-moving party,

6   must then "set forth specific facts showing that there is a genuine issue for trial."

7   Fed. R. Civ. Proc. 56(e).  Mere allegations or denials are insufficient and do not

8   defeat a moving party's allegations.  Id.; Coca-Cola Co. v. Overland, Inc., 692 F.2d

9   1250, 1258 (9th Cir. 1982) (concluding that "Overland's ... unclean hands defense

10  [was] not carefully considered ... but merely makeweight arguments introduced in a

11  futile attempt to forestall summary judgment."); Coleman v. ESPN, Inc., 764 F.

12  Supp. 290, 296 (S.D.N.Y. 1991) (granting summary judgment dismissing unclean

13  hands defense asserted in connection with copyright infringement claim where

14  record was "devoid of any facts" supporting such defense).

15      As evidence of egregious misconduct, Coca-Cola's alleges that "many of

16  [POM's] health claims are not supported by any substantial scientific evidence[.]"

17  Answer at p. 13:6-7 [Dkt. No. 70].  POM anticipates that Coca-Cola may try to rely

18  upon the rulings in Pom Wonderful LLC v. Federal Trade Commission, 777 F.3d

19  478 (D.C. Cir. 2015).  However, as argued in detail above, POM's advertised health

20  claims are not directly related to the misconduct of Coca-Cola at issue here.  And

21  explained further below, Coca-Coca cannot rely upon the rulings in the FTC

22  proceeding, which has a different evidentiary standard (lack of scientific

23  substantiation) that Coca-Cola is not permitted to use here as private party.  To

24  survive summary judgment, Coca-Cola is required to present affirmative evidence

25  that POM's advertising is actually false.  In other words, Coca-Cola must offer

26  evidence affirmatively disproving the truth of POM's purported health claims.

27      However, Coca-Cola cannot present any such evidence.  (Statement of

1   Uncontroverted Facts ("SUF") No. 1).  They have not presented any expert opinion

2   on POM's advertising (or on the actual messages purportedly conveyed) (SUF No.

3   1); they have not presented any expert opinion affirmatively disputing the claimed

4   benefits of POM (as distinguished from expert opinion on whether the studies relief

5   upon by POM are sufficiently reliable or credible) (SUF No. 1).  Nor does Coca-

6   Cola have any evidence of harm from the alleged misleading advertising.  (SUF

7   Nos. 1 & 2); see Welch Foods, 737 F. Supp. 2d at 1113 (finding Welch did not

8   demonstrate by clear and convincing evidence that POM's conduct was egregious

9   where it offered no evidence that POM's alleged deception caused consumers to

10  purchase a product that they otherwise might not have purchased).  It is simply not

11  enough to allege, as Coca-Cola does in its Answer, that the POM's health

12  advertising claims are not "substantiated."  As a matter of law, such allegations are

13  irrelevant to this proceeding and cannot serve as the basis for an unclean hands

14  defense.

15        **1.    As A Matter Of Law, Coca-Coca Cannot Avail Itself To A
            Lack Of Substantiation Theory To Prove Falsity Or**
16        **Deception Under The Lanham Act**

17        To prevail on its unclean hands defense, Coca-Cola must demonstrate by

18  "clear and convincing" evidence, *inter alia*, that POM's alleged health-related

19  advertising is affirmatively false or misleading and cannot merely assert that POM's

20  health claim advertising is "not supported by any substantial scientific evidence."

21        The "lack of substantiation" standard, upon which Coca-Cola relies, is only

22  available under the FTC Act (or similar statutes) and reserved exclusively for

23  prosecuting authorities, not private litigants.  Fraker, 2009 WL 5865687, at *7

24  (private litigant cannot allege that defendant engaged in business practices

25  proscribed by FTC Act which creates no private right of action).

26        Under such a standard, the FTC (or similar government agency) weighs the

27  sufficiency, adequacy, quality, and strength of the science supporting any particular

28

{2493404.13}                                    12

1  claim and deems the claim false and misleading if it is not sufficiently

2  "substantiated." See, e.g., Removatron Int'l Corp., 111 F.T.C. 206, 297-99 (1988)

3  (requiring objective product claims be supported by a "reasonable basis"); In re

4  Thompson Med. Co., 104 F.T.C. 648 at 813 n. 37, 840 (1984) and FTC Policy

5  Statement Regarding Advertising Substantiation, 104 F.T.C. 839 (1984) (appended

6  thereto); In re Pfizer Inc., 81 F.T.C. 23 (1972) (employing flexible standard to

7  determine appropriate substantiation depending on type of claim, product,

8  consequences of false claim, degree of reliance, cost of developing substantiation,

9  and amount of substantiation experts in the field believe is reasonable).

10     A lack of substantiation, however, does not satisfy a private litigant's burden

11  to prove with affirmative evidence that the offending party's advertising claims are

12  literally false or misleading.[6]  See, e.g., Fraker, 2009 WL 5865687, at *7; Caltex

13  Plastics, Inc. v. Shannon Packaging Co., No. 2:13-CV-06611 RSWL, 2015 WL

14  3407889, at *8 (C.D. Cal. May 27, 2015) (denying plaintiff's Lanham Act claim in

15  the absence any admissible evidence that defendant's claims were actually false);

16  Perfumebay.com, Inc. v. eBay, Inc., 506 F.3d 1165, 1178 (9th Cir. 2007) (holding

17  that the record must "affirmatively demonstrate" consumer deception in order to

18  prevail on defense of unclean hands).[7]

19  _____

20  [6] To prove a Lanham Act violation, plaintiff must show, among other things, that
"defendant made a false statement either about the plaintiff's or its own product."

21  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 n. 4 (9th Cir. 2002)

22  (citing Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (1997).  Here,
"falsity" can be proved by showing that the advertisement is "literally false, either

23  on its face or by necessary implication"; or, if not literally false, that the

24  representation is "likely to mislead or confuse consumers," which requires proof "by
extrinsic evidence" that the advertisements "tend to mislead or confuse consumers."

25  Southland Sod Farms, 108 F.3d at 1139.

26  [7]  See also Johnson & Johnson–Merck Consumer Pharms. Co. v. Rhone–Poulenc

27  Rorer Pharms., Inc., 19 F.3d 125, 129 (3d Cir. 1994) ("A plaintiff must prove that
the claim is false or misleading, not merely that it is unsubstantiated."); Procter &

28

{2493404.13}

13

1    If permitted to challenge the sufficiency, adequacy or quality of POM's

2   scientific research supporting its health claim advertising, Coca-Cola impermissibly

3   would shift the burden of proof under the Lanham Act to the offending party.  The

4   law forbids this.  For these reasons, as a matter of law, Coca-Cola cannot assert an

5   unclean hands defense based on the allegation that POM's "health claims are not

6   supported by any substantial scientific evidence."

7
8
        **2.  Coca-Cola Lacks Any Admissible Evidence To Demonstrate That POM's Health Claim Advertising Is Literally False Or Misleading Under The Lanham Act**

9    In order to raise a triable issue of fact on the subject of whether POM's

10  alleged health claims are literally false or misleading, Coca-Cola is required, among

11  other things, to present evidence affirmatively disproving POM's alleged health

12  benefit claims.  Coca-Cola, however, has never made a timely (and proper) expert

13  disclosure pursuant to Rule 26(a)(2)(B) to establish its unclean hands affirmative

14  defense for which it undeniably carries the burden of proof.

15    At best, Coca-Cola merely has offered the expert reports of Jeffrey Blumberg

16  on January 5, 2010[8] and November 13, 2015 ("Blumberg Reports"), disguised as

17  _____

18  Gamble Co. v. Chesebrough–Pond's Inc., 747 F.2d 114, 119 (2d Cir. 1984) ("each

19  plaintiff bears the burden of showing that the challenged advertisement is false and misleading ... not merely that it is unsubstantiated by acceptable tests or other

20  proof"); U–Haul Int'l, Inc. v. Jartran, Inc., 522 F. Supp. 1238, 1248 (D. Ariz. 1981)

21  aff'd, 681 F.2d 1159 (9th Cir. 1982) ("Jartran did not have to prove the truth of its asserted product claims; the burden in this regard rested on U–Haul, and it could not

22  sustain its burden of persuasion by its repeated assertions (and proof) that Jartran had done little, if any, testing of Jartran trucks or trailers, and no comparative testing

23  of U–Haul products.")

24  [8] On February 2, 2010, POM filed a motion in limine to exclude Mr. Blumberg's

25  testimony and to strike his report.  [Dkt. No. 189].  In doing so, POM argued, among other things, that Mr. Blumberg did not honestly rebut any of Mr. Anastasi's

26  damage-related opinions, but was instead retained to offer expert testimony,

27  belatedly, to establish Coca-Cola's unclean hands defense.  (Id.)  Coca-Cola should have designated Mr. Blumberg on November 12, 2009, the date by which the parties

28

1    "rebuttals" to POM's damages expert, Joseph Anastasi.  In reality, the Blumberg

2    Reports are calculated--after the fact--to establish Coca-Cola's unclean hands

3    defense.  The Blumberg Reports are procedurally improper and should be stricken.

4          In any event, even if Mr. Blumberg's untimely designation and reports are

5    permitted to stand (and they should not be), his proposed opinions still do not raise a

6    genuine dispute of material fact affirmatively disproving POM's health claims under

7    the Lanham Act.  In his reports, Mr. Blumberg's simply criticizes the "quality" and

8    "sufficiency" of the science POM relies upon for its health claim advertising, but he

9    completely fails to demonstrate, either with studies of his own or other studies, that

10   POM's claims are affirmatively false or deceptive.  (SUF No. 1 & 2)  In his second

11   report, Mr. Blumberg even relies upon the FTC ruling to establish that POM lacks

12   "sufficient scientific validation for [its] health claims."  (SUF No. 1).  As a matter of

13   law, this is insufficient to meet Coca-Cola's burden anyway and irrelevant to these

14   proceedings.

15         Casting aside the impermissible and flawed "rebuttal" report of Mr.

16   Blumberg, the record remains devoid of any admissible evidence establishing that

17   POM's challenged advertising is affirmatively false and misleading.  (SUF Nos. 1 &

18   2).  As a result, both as a matter of law and in the absence of any admissible

19   evidence, Coca-Cola cannot assert an unclean hands affirmative defense based on

20   POM's alleged health claims advertising.

21

22   **V.    COCA-COLA CANNOT RAISE A TRIABLE ISSUE IN SUPPORT OF ITS "FROM CONCENTRATE" UNCLEAN HANDS DEFENSE**

23         **A.    The Issue Of Whether POM's Juice Is From Concentrate Has No Immediate Or Direct Relation To Coca-Cola's Alleged False Advertising Of Its Products' Pomegranate And Blueberry Content**

24

25         Similarly, any allegation that POM's juice product is "from concentrate" is

26   _____

27   were obligated to make their expert disclosures under Rule 26(a)(2)(B).  The Court,

     however, did not rule on POM's motion *in limine* prior to the grant of summary

28   judgment and subsequent appeal.

1  wholly unrelated to the amount of pomegranate or blueberry juice in either of the

2  parties' competing products.  How POM manufactures its juice, whether freshly

3  squeezed or from concentrate, has no bearing on the actual <u>content</u>, <u>amount</u>, or <u>type</u>

4  of juices in dispute here.  Indeed, when faced with the identical grounds for the

5  unclean hands defense in <u>Welch Foods</u>, the Court found defendant's "from

6  concentrate" argument unavailing and "***too tenuous to support an unclean hands***

7  ***defense***." <u>Welch Foods</u>, 737 F. Supp. 2d at 1111.  Finally, and again, POM has not

8  alleged that Coca-Cola failed to disclose on it advertising that the Pomegranate

9  Blueberry Juice was from concentrate or that consumers were deceived into

10  believing that the product was fresh squeezed and not from concentrate.  <u>See</u> FAC

11  [Dkt. No. 53].  For these reasons, Coca-Cola cannot pursue an unclean defense

12  based on an irrelevant allegation that POM's products are "from concentrate."

13
   **B.**  **Coca-Cola's Argument That POM Misleads Consumers To Believe**
      **Its Juices Are Not From "From Concentrate" Fails**
14

15    Coca-Cola's argument that POM misleads consumers through its advertising

16  to believe its juices are not from concentrate is equally unavailing because it lacks

17  evidence of deception or actual harm.  (SUF Nos. 3 & 4).  Indeed, there is no issue

18  that the "from concentrate" language is on every bottle of POM's juices.  As a

19  result, there is no evidence of fraud, unconscionability or bad faith on the part of

20  POM which would support Coca-Cola's affirmative defense of unclean hands.

21  <u>Welch Foods</u>, 737 F. Supp. 2d at 1113 (declining to find egregious conduct

22  sufficient for unclean hands where defendant lacked clear and convincing evidence

23  of deception and appreciable harm).

24
**VI.**  **APPLYING THE UNCLEAN HANDS DEFENSE WOULD**
25     **CONTRAVENE SOUND PUBLIC POLICY IN FAVOR OF**
   **PROTECTING THE PUBLIC AND COMPETITORS**
26

27    The unclean hands defense is a disfavored remedy and "courts are reluctant to

28

1   apply the unclean hands doctrine in all but the most egregious situations." <u>U-Haul</u>

2   <u>Int'l</u> , 522 F. Supp. at 1255.  The Court should exercise its discretion to deny an

3   unclean hands defense where, as here, Coca-Cola cannot establish actual harm.  The

4   undisputed facts of this case establish that Coca-Cola lacks evidence of affirmative

5   falsity or deception and cannot prove that POM's conduct harmed consumers.  On

6   these facts, it would be a travesty of justice for Coca-Cola to escape liability by way

7   of an unclean hands defense.

8          Indeed, "where the law invoked by the plaintiff is really for the protection of

9   the public, unclean hands is not a defense.  That is, if the evidence shows that

10   plaintiff is engaging in inequitable practices, but defendant is also guilty of the

11   unfair competition charged, an injunction should be granted notwithstanding the

12   unclean hands maxim."  <u>See</u> <u>TrafficSchool.com</u>, Inc. 633 F. Supp. 2d at 1085

13   (quoting 6 McCarthy on Trademarks & Unfair Competition § 31:53); <u>see also</u> <u>Ames</u>

14   <u>Pub. Co. v. Walker-Davis Publications, Inc.</u>, 372 F. Supp. 1, 14 -15 (D.C. Pa. 1974)

15   ("[t]o deny an injunction on the basis that plaintiffs are also blameworthy would

16   leave two wrongs unremedied and thereby increase the injury to the public.").  The

17   Supreme Court has emphasized that the doctrine of unclean hands "does not mean

18   that courts must always permit a defendant wrongdoer to retain the profits of his

19   wrongdoing merely because the plaintiff himself is possible guilty of transgressing

20   the law." <u>Johnson v. Yellow Cab Transit Co.</u>, 321 U.S. 383, 387, 64 S.Ct. 622

21   (1944).

22

23   ///

24   ///

25   ///

26   ///

27   ///

28

{2493404.13}

17

1 | **VII.   CONCLUSION**

2 |       For the reasons set forth above, the Court should issue an order granting

3 | partial summary judgment against the Thirty-Fourth Affirmative Defense (Unclean

4 | Hands) set forth in Coca-Cola's Answer to the First Amended Complaint.

5 |

6 | DATED:  December 1, 2015          ROLL LAW GROUP PC

7 |

8 |                                        By:  ____/s/ Kristina M. Diaz____

9 |                                               Kristina M. Diaz
                                                  Attorneys for Plaintiff

10 |                                              POM WONDERFUL LLC

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

{2493404.13}                                    18